1  RICHARD J. NELSON (State Bar No. 141658)
   E-Mail:      rnelson@sideman.com
2  ZACHARY J. ALINDER (State Bar No. 209009)
   E-Mail:      zalinder@sideman.com
3  LYNDSEY C. HEATON (State Bar No. 262883)
   E-Mail:      lheaton@sideman.com
4  NICHOLAS A. SHEN (State Bar No. 324712)
   E-Mail:      nshen@sideman.com
5  SIDEMAN & BANCROFT LLP
   One Embarcadero Center, Twenty-Second Floor
6  San Francisco, California 94111-3711
   Telephone:   (415) 392-1960
7  Facsimile:   (415) 392-0827

8  Attorneys for Plaintiff
   AVAYA INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  AVAYA INC., a Delaware corporation,          CASE NO. 3:19-cv-00565

14                  Plaintiff,                    **COMPLAINT FOR DAMAGES AND
                                                  INJUNCTIVE RELIEF FOR:**
15          v.
                                                  1.  **FEDERAL TRADEMARK
16  RAYMOND BRADLEY PEARCE, a/k/a                     INFRINGEMENT AND
    "BRAD" PEARCE, an individual; JASON               COUNTERFEITING, 15 U.S.C. § 1114;**
17  HINES, an individual and doing business as   2.  **FEDERAL UNFAIR COMPETITION,
    DBSI and TELBEST.COM; DEDICATED                   15 U.S.C. § 1125;**
18  BUSINESS SYSTEMS INTERNATIONAL            3.  **FEDERAL DIRECT AND INDIRECT
    LLC, doing business as DBSI.NET, a New            COPYRIGHT INFRINGEMENT, 17
19  Jersey limited liability company; ATLAS          U.S.C. §§ 501 *et seq.*;**
    SYSTEMS, INC., doing business as           4.  **VIOLATIONS OF THE DIGITAL
20  ATLASPHONES.COM and "THE                         MILLENNIUM COPYRIGHT ACT, 17
    TELECOM DEALER," a Michigan                       U.S.C. §§ 1201. *et seq.* ;**
21  corporation; TELEPHONE MAN OF             5.  **VIOLATIONS OF THE COMPUTER
    AMERICA LLC, doing business as                    FRAUD AND ABUSE ACT, 18 U.S.C. §§
22  TELEPHONEMANOFAMERICA.COM and                     1030, *et seq.* ;**
    "TELEPHONEMANOFAMERICA," a            6.  **VIOLATIONS OF THE COMPUTER
23  Florida limited liability company; THE           DATA ACCESS AND FRAUD ACT,
    TELECOM SPOT, doing business as                   CAL. PENAL CODE § 502;**
24  THETELECOMSPOT.COM, a Texas business       7.  **VIOLATIONS OF 18 U.S.C. § 2318; and,**
    entity; and, DOES 1 through 50, inclusive,   8.  **UNJUST ENRICHMENT/
25                                                    RESTITUTION/CONSTRUCTIVE
                    Defendants.                        TRUST**
26

27                                               **Demand for Jury Trial**

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Plaintiff AVAYA INC. ("Avaya" or "Plaintiff") hereby complains and alleges against Defendants RAYMOND BRADLEY PEARCE, a/k/a "BRAD" PEARCE ("Pearce"); JASON HINES, for himself and doing business as DBSI and TELBEST.COM ("Hines"); DEDICATED BUSINESS SYSTEMS INTERNATIONAL LLC, doing business as DBSI.NET ("DBSI"); ATLAS SYSTEMS, INC. doing business as ATLASPHONES.COM and "THE TELECOM DEALER" ("Atlas"); TELEPHONE MAN OF AMERICA LLC, doing business as TELEPHONEMANOFAMERICA.COM and "TELEPHONEMANOFAMERICA" ("Telephone Man"); THE TELECOM SPOT, doing business as THETELECOMSPOT.COM ("Telecom Spot"); and DOES 1 through 50, inclusive (collectively "Defendants") as follows:

## INTRODUCTION

1.      For years, Defendants have been perpetrating a massive illegal software piracy operation, which resulted in the theft and subsequent resale of thousands of unauthorized Avaya Internal Use Software Licenses ("Internal Use Licenses") to end customers duped into buying pirated software, rather than buying genuine Avaya software licenses through authorized Avaya distribution channels.

2.      Long-term Avaya employee Defendant Pearce, in collusion with former Avaya authorized reseller Defendant Hines, willfully resold and distributed, and facilitated the further distribution and resale of, thousands of Avaya Internal Use Licenses, worth millions of dollars, all without Avaya's authorization, knowledge, or consent.  The Internal Use Licenses were created by Pearce by entering Avaya's computer system using his employee account, as well as Avaya employee accounts hijacked by Pearce, which had been doctored to conceal the scheme and to avoid internal controls.  Pearce and Hines then covertly distributed the stolen Internal Use Licenses through Hines' companies DBSI and Telbest, as well as through numerous other online resellers, including at least Defendants Atlas, Telephone Man, and Telecom Spot.

3.      Adding to the injury, Defendant Atlas has been caught not only offering for sale and distributing these pirated Internal Use Licenses, but in addition, Atlas has been caught reselling over a thousand counterfeit Avaya phones, as well as apparently genuine Avaya phones – marketed and sold as "new" – that were repackaged and resold with counterfeit labels that closely

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   mimicked genuine Avaya factory labels, including counterfeit Avaya trademarks.

2        4.      Defendants' unlawful schemes, as alleged in more detail below, have not only

3   caused Avaya significant monetary damages, but also they have significantly undermined Avaya's

4   brand, goodwill, and reputation with customers.  Thousands of end customers have been duped

5   into believing they were receiving a genuine high-quality Avaya product and/or lawful software

6   license, rather than a counterfeit and otherwise infringing product or pirated software license that

7   conveys no actual license rights at all to the end customer.

8        5.      Of course, none of these unlawful and infringing products and software licenses

9   should ever have been sold/resold at all, nor should any be sold/resold in the future.  Accordingly,

10  Avaya brings this Action to put a stop to Defendants' unlawful and infringing conduct, to enjoin

11  further unlawful and infringing conduct, and to recover full damages for the significant harm they

12  have caused.

13                                    **PARTIES**

14       6.      Avaya is, and at all times mentioned herein was, a Delaware corporation, with its

15  principal place of business at 4655 Great America Parkway, Santa Clara, California.  Avaya owns

16  the trademarks that are used in marketing and selling Avaya-branded products and the copyrights

17  in the Avaya software infringed by Defendants.

18       7.      Avaya is informed and believes, and thereon alleges, that Defendant Pearce is an

19  Oklahoma resident, residing in Tuttle, Oklahoma.  Defendant Pearce was an employee of Avaya

20  from 2000 to 2018, working in an Avaya call center in Oklahoma City, Oklahoma.

21       8.      Avaya is informed and believes, and thereon alleges, that Defendant Hines is a

22  New Jersey resident, residing in Caldwell, New Jersey.  Avaya is informed and believes, and

23  thereon alleges, that Defendant Hines is the owner and operator of Defendant Dedicated Business

24  Systems International LLC, doing business as www.dbsi.net and also known as "DBSI".  Avaya is

25  informed and believes, and thereon alleges, that Defendant DBSI is a New Jersey Limited

26  Liability Company with its principal place of business in Fairfield, New Jersey and offices in New

27  York City.  Avaya is further informed and believes, and thereon alleges, that Defendant Hines has

28  done, and continues to do, business under the fictitious business names of TelBest (TelBest.com),

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    Direct Business Systems International LLC, Empire Telephone LLC, and US Tel, LLC.  A

2    number of these fictitious business names appear to have been at one time registered with New

3    Jersey or New York by Defendant Hines, although none of these business names currently appears

4    to be an active business entity in New York or New Jersey.

5         9.        Avaya is informed and believes, and thereon alleges, that Defendant Atlas is a

6    Michigan corporation, with its principal place of business in Auburn Hills, Michigan, with an

7    online store at atlasphones.com.  Avaya is informed and believes, and thereon alleges, that

8    Defendant Atlas also operates an eBay store using the dba "The Telecom Dealer," under the ebay

9    seller name thetelecomdealer, and leveraged the eBay platform, which is located in San Jose,

10   California, in the course of its business including the infringing business alleged in this Complaint.

11        10.       Avaya is informed and believes, and thereon alleges, that Defendant Telephone

12   Man is a Florida limited liability company, with its principal place of business in Plant City,

13   Florida, with an online store at telephonemanofamerica.com.  Avaya is informed and believes, and

14   thereon alleges, that Defendant Telephone Man operates an eBay store, under the seller name

15   telephonemanofamerica, and leveraged the eBay platform, which is located in San Jose,

16   California, in the course of its business including the infringing business alleged in this Complaint.

17        11.       Avaya is informed and believes, and thereon alleges, that Defendant Telecom Spot

18   is a Texas business entity, with an online store at thetelecomspot.com, and with its principal place

19   of business in Austin, Texas.

20        12.       The true names and capacities, whether individual, corporate, associate, or

21   otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to

22   Avaya who, therefore, sues said Defendants by such fictitious names.  Avaya will amend this

23   Complaint to reflect the true names and capacities of these DOE Defendants when the same shall

24   have been fully and finally ascertained.

25        13.       Avaya is informed and believes, and thereon alleges, that each of the Defendants

26   designated herein as a DOE is legally responsible, in some manner, for the events and happenings

27   herein referred to, and legally caused damages to Avaya as herein alleged.

28        14.       Avaya is informed and believes, and thereon alleges, that at all times relevant to

1   this action, each Defendant, including those fictitiously named Defendants, was the agent, servant,

2   employee, partner, joint venturer, accomplice, conspirator, alter ego or surety of the other

3   Defendants and was acting within the scope of that agency, employment, partnership, venture,

4   conspiracy, or suretyship with the knowledge and consent or ratification of each of the other

5   Defendants in doing the unlawful activities alleged in this Complaint.

6                                              **JURISDICTION**

7            15.    This is an Action founded upon violations of Federal trademark and copyright laws,

8   pursuant to 15 U.S.C. §§ 1051, *et seq.*, 17 U.S.C. §§ 501, *et seq.*, and 17 U.S.C. §§ 1201*, et seq.*

9   In addition, this Action is founded upon violations of the Computer Fraud and Abuse Act, 18

10  U.S.C. § 1030, as well as violations of 18 U.S.C. § 2318.  This Court has original subject matter

11  jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), and 15 U.S.C. §

12  1121.  This Court has supplemental jurisdiction over Avaya's state law claims for relief pursuant

13  to 28 U.S.C. §§ 1338(b) and 1367 because the claims are so related to Avaya's claims under

14  Federal law that they form part of the same case or controversy and derive from a common

15  nucleus of operative facts.

16           16.    This Court has personal jurisdiction over Defendants because Defendants have

17  willfully infringed intellectual property rights of Avaya, a known forum resident, including by

18  trafficking in pirated Avaya software and otherwise causing tortious injury to Avaya, including to

19  its trademarks and copyrights, within California, and within this District in particular.  Further,

20  Defendants have performed intentional acts expressly aimed at Avaya in this forum and thereby

21  caused damage that they knew would be suffered by Avaya in this forum.  In addition, Defendants

22  have marketed, advertised, and offered infringing Avaya software licenses for sale into California

23  and, upon information and belief, transacted other business within California specifically related to

24  the infringing distribution scheme.  Defendants have also misrepresented the authentic nature of

25  the counterfeit and/or otherwise infringing "Avaya" products to residents of California, including

26  within this District.

27                                                 **VENUE**

28           17.    Venue for this action properly lies in the Northern District of California pursuant to

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   28 U.S.C. § 1391(b)(2) because Defendants committed acts here in furtherance of their illegal

2   business operations, a substantial part of the events giving rise to the claim occurred in this

3   District, and a substantial part of the property that is the subject of this action is located within this

4   District.  Further, Defendants have either sold or offered to sell the infringing software licenses at

5   issue in this Action into this District and/or knowing such software would be resold into this

6   District.  Further, Defendants' acts of infringement are likely to have caused, and are likely to

7   continue to cause, consumer confusion within this District.  Further, venue is also proper in this

8   District under 28 U.S.C. § 1400(a) because Defendants are subject to personal jurisdiction here

9   due to having performed intentional acts expressly aimed at the forum and thereby caused damage

10  that they knew would be suffered by Avaya in this District.

### INTRA-DISTRICT ASSIGNMENT

11

12      18.     In accordance with LR 3-2(c), this Action is properly assigned on a district-wide

13  basis because it relates to Intellectual Property.

### FACTUAL ALLEGATIONS RELATING TO AVAYA AND ITS IP

14

15      19.     Avaya is a subsidiary of Avaya Holdings Corporation, a publicly traded U.S.-based

16  multinational business communications company headquartered in Santa Clara, California.  Avaya

17  was spun off from Lucent Technologies in 2000.  Avaya provides an extensive portfolio of

18  hardware, software, and services for contact center and unified communications, such as voice and

19  video calling, audio conferencing, and mobility solutions.  Avaya provides communications

20  solutions to a broad range of companies, from small businesses to large multinational enterprises

21  and government organizations.  As of 2018, Avaya had a presence in approximately 180 countries

22  worldwide and has in the past three fiscal years conducted business with more than 90% of the

23  Fortune 100 organizations.

24      20.     Avaya's current annual sales are approximately $3 billion and it employs

25  approximately 8,100 employees, of whom nearly 2,800 are located in the United States.  Avaya

26  sells its products and services directly to customers and indirectly through approximately 4,700

27  contractually-authorized channel partners, which account for about 71% of total product revenue.

28  For indirect sales through partners, Avaya utilizes a two-tiered distribution structure wherein

Avaya sells directly to a relatively small number of authorized distributors that are required to sell only to contractually-authorized resellers. Those resellers are contractually obligated to sell directly to end-user customers.

21.     Avaya products and services include software, hardware, professional and support services, and cloud services. Among Avaya's product offerings, Avaya offers a product called IP Office ("IPO"), a scalable mid-market and small business telephone system which supports anywhere from five to thousands of users at up to 150 different physical locations. Currently, there are five "editions" of IPO, each of which entail increasing features and capabilities. All editions require per-endpoint software licensing, meaning each phone or computer on the system must be licensed in the IPO software. Additional features, such as voicemail, require additional software licenses on a per-endpoint basis. Thus, each individual phone on a customer's system may be licensed to several feature sets and enabled by multiple software licenses. These IPO software licenses are sold by Avaya and its authorized partners, and then distributed to the licensed end users through unique software license keys.

22.     Avaya has developed a strong name and reputation within the trade and among members of the consuming public as a leading provider of contact center and unified communications solutions, including hardware and software of the highest quality. Avaya has invested substantial effort and resources to develop and promote public recognition of the Avaya trade name and of the family of Avaya-related marks. Avaya has used the family of Avaya trademarks to identify goods and services as being genuine Avaya products, and the Avaya marks and name are well-recognized signifiers of Avaya's high quality products, software, and related services (the Avaya marks and name are hereinafter referred to as "Avaya Marks").

23.     Avaya has caused several Avaya Marks to be registered on the Principal Register of the U.S. Patent and Trademark Office in connection with a range of telecommunications, computer hardware and software products and services, and Avaya owns all rights, title, and interest in numerous federal trademark registrations, including at least:

| Mark | Registration Number | Registration Date |
|------|---------------------|-------------------|
| AVAYA | 2,697,002 | March 18, 2003 |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| AVAYA | 2,696,985 | March 18, 2003 |

24.     Avaya has also expended significant resources and effort to develop and promote public recognition of the Avaya trade name and the family of Avaya-related marks throughout the world, in part by placing Avaya Products and Avaya Marks in its advertising and promotional materials, which reach global consumers through a variety of media, including television, radio, newspapers, magazines, billboards, social media, and the internet.

25.     Avaya has taken substantial steps and expended significant resources to research and develop strict quality-control standards for all of its products to ensure that products, software, and services bearing Avaya Marks continue to be of the highest quality.

26.     As a result of Avaya's extensive advertising and promotional efforts and its continuous use of its core Avaya Marks for more than 15 years, Avaya has attained one of the highest levels of brand recognition.  As a result of Avaya's longstanding and widespread use and promotion of Avaya Marks, Avaya's customers worldwide have come to rely upon Avaya Marks to identify Avaya's high-quality goods and services, including software.  Many of Avaya's products are purchased by the U.S. Government, including branches of the military, and by other industries, for use in critical applications.

27.     Avaya has also expended significant resources and effort to research and develop world-class software products that enable, enhance, and interoperate with its high-quality hardware.  Avaya has caused numerous Avaya software copyrights to be registered with the U.S. Copyright Office in connection with its IP Office products, including but not limited to:

| Title | Copyright Number | Date |
|---|---|---|
| Avaya IP Office R9.0 | TX0008595990 | 2013 |
| Avaya IP Office R9.1 | TX0008592908 | 2014 |
| Avaya IP Office R10.0 | TX0008592913 | 2016 |

28.     The above software copyright registrations include the copyrighted software covering the Avaya IP Office software licenses referred to in the Complaint above and below.

29.     In addition, Avaya has instituted certain technological measures to control access to its copyright-protected software, including the software identified above.  One of those

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   technological measures is the use of software license keys that control access to the Avaya

2   software, including but not limited to the registered software listed above.

3   **FURTHER FACTUAL ALLEGATIONS RELATED TO THE UNLAWFUL SCHEME**

4   30.     Avaya has recently uncovered a large scale unlawful conspiracy, which generated

5   millions of dollars of profit at Avaya's expense based upon the creation and distribution of

6   thousands of pirated Avaya Internal Use Only copyright-protected software licenses.

7   31.     Avaya does not sell its software at all, and certainly does not authorize third parties

8   to sell its software on third-party marketplaces.  Instead, Avaya offers its software to be licensed

9   through authorized channels, not including third-party marketplaces.  Further, all Avaya software

10   is subject to an End User License Agreement ("EULA"), which licenses that software to a specific

11   end user for use only by that end user and is generally non-transferrable.  Avaya's EULA is

12   attached hereto as Exhibit A and incorporated into this Complaint.  As such, it appears that

13   Defendants have been selling pirated Avaya software licenses in competition with authorized and

14   licensed Avaya software and trading off of Avaya's trademarks to do so, by misrepresenting the

15   source of the software licenses as being "new" software from Avaya.  Thus, the use of the Avaya

16   marks was not intended to describe the product, but rather to make it appear that the software

17   license was sanctioned, endorsed, and authorized for distribution and resale by Avaya:



LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

32.     The Avaya software licenses that Defendants were distributing illegally as "new" genuine and authorized software turned out to be Internal Use Licenses that Defendant Pearce stole from Avaya, using his own internal access and using multiple hijacked employee accounts. Pearce's primary job responsibility was to assist with the resolution of customer issues, which includes generation of Internal Use Licenses for various administrative purposes as needed to support Avaya's customers regarding the software they have properly licensed from Avaya.  From a functionality perspective, Internal Use Licenses are no different from the software licenses delivered to Avaya's paying customers; however, Internal Use Licenses are billed to Avaya at no cost, rather than the sale price to Avaya's distributor or end-customer, as would otherwise occur.

33.     For years, Pearce has generated Internal Use Licenses for thousands of Avaya customer systems, of which Avaya is informed and believes, and thereon alleges, included millions of dollars in Internal Use Licenses distributed without Avaya's authorization, as there is no associated revenue, no related customer orders, and no logical business explanation for the magnitude of this software license generation.  Through purchasing sample software licenses resold by Defendants, Avaya was able to track the generation of these infringing and illegal software licenses back to Pearce.  To accomplish this theft, Pearce accessed the Avaya software license generation system far beyond his authorization and in completely unauthorized ways, including by hijacking accounts tied to former employees and/or contractors that he could activate, control, and leverage to steal further software licenses while also avoiding internal controls he knew were in place.

34.     Defendant Pearce was then in contact with at least Hines to distribute the stolen Avaya Internal Use Licenses.  Defendant Hines would then download the Internal Use Licenses generated by Pearce and distribute them, or facilitate their distribution, to end customers or other third party resellers, including at least Defendants DBSI, Atlas, Telephone Man, and Telecom Spot.  Defendant DBSI, run by Hines, was previously an authorized Avaya reseller; however, DBSI and Hines were de-authorized by Avaya in 2013.  This de-authorization cut off their authorized access to Avaya's license key systems also in 2013.  However, even though Defendants DBSI and Hines knew they had no authorization to access Avaya's license key systems, they

1   leveraged the access of an authorized Avaya distributor to reactivate their access to Avaya's

2   computer systems to enable them to download and distribute the pirated software licenses

3   described in this Complaint.  Indeed, DBSI and Hines continue to falsely claim on their website,

4   DBSI.net, to be an Avaya "Authorized Dealer," and specifically use Avaya's Marks to further the

5   false claim of endorsement and authorization by Avaya:



16        35.     Defendant Hines, through his companies DBSI and TelBest, as well as through

17   numerous other online resellers, including at least Defendants Atlas, Telephone Man, and Telecom

18   Spot, then together distributed and/or facilitated the distribution of these pirated Internal Use

19   Licenses to thousands of end user customers, in exchange for millions of dollars.  Defendants

20   Hines, through his companies DBSI and TelBest, as well as Defendants Atlas, Telephone Man,

21   and Telecom Spot all offer and/or have offered these pirated Internal Use Licenses for sale online,

22   representing that the corresponding software is "new" and genuine Avaya software, which is fully

23   licensed and authorized by Avaya.  Such representations in connection with the resale of these

24   pirated Internal Use Licenses are false and misleading, as pirated software licenses do not convey

25   any actual license rights to the purchaser.  Meanwhile, the end customers who purchased the

26   pirated software from Defendants are now unwittingly also infringing Avaya's copyrights by

27   running the Avaya software without any valid license.  Avaya is further harmed by sales of such

28   unlicensed software, as Avaya then must support these customers regarding software that they

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    never actually licensed from Avaya.

2         36.    After the sale had been consummated, Defendants continued to represent that such

3    Internal Use Licenses were valid and authorized by Avaya, including by for example using

4    Avaya's trade name and Avaya Marks to imply endorsement and/or authorization by Avaya.  For

5    example, the following was included in an email from Telecom Spot distributing the Avaya

6    software:

7    

8

9    Excel spreadsheet and macro to reformat downloaded Licence Key
     files for printing in a more readable format.

10   Please save the contents of the Zip file to a directory first
     Open the File with the name starting as "RUN"
     Click the Button "Create All Views"

11   This will create additional work sheets as follows:

12   All keys - all data from the download is presented with column filters to allow selection of data if required
     Single sheet print - is a printable list that will print each different serial number or certificate on a separate page, use 'file/print'
     nnnnnnn.csv - IP Office Manager import format.  One sheet will be created for each serial number and an nnnnnnn.csv file saved to disk.  Rename to 'keys.txt' for import via IP Office SD card.

13        37.    Defendants Pearce, Hines, and DBSI thereby willfully and knowingly infringed

14   Avaya's copyrights and trademarks, and the other reseller defendants, including at least Atlas,

15   Telephone Man, and Telecom Spot, either acted willfully and knowingly in supporting this

16   unlawful scheme or with willful blindness and complete disregard for the harm caused to Avaya

17   and its end customers as a result of their direct and substantial involvement in enabling this vast

18   illegal operation and in thereby infringing Avaya's intellectual property.  Defendants are each

19   jointly and severally liable for their direct and substantial involvement in, and actions taken in

20   support of, the alleged infringing distribution chain, and each Defendant profited handsomely for

21   their part in this scheme.  Defendants are also indirectly liable for the infringement related to their

22   downstream customers due to Defendants' conduct alleged above in (i) controlling the distribution

23   of infringing products and directly profiting therefrom, and (ii) knowingly inducing, causing,

24   and/or materially contributing to the infringing activity of their downstream customers.

25        **FURTHER FACTUAL ALLEGATIONS RELATED TO ATLAS PHONES**

26        38.    Avaya has also recently uncovered additional direct infringement and

27   counterfeiting by Defendant Atlas, doing business as Atlasphones.com.  In or about mid-2016,

28   Avaya was informed about a purchase of over a thousand Avaya phone systems by an end

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  customer, which were represented as "new" Avaya IP Phones.  The end customer complained of a

2  high rate of failure of these "Avaya" branded IP Phones.  Upon analysis, over a thousand of these

3  supposedly new "Avaya" IP Phones turned out to be counterfeit.  These counterfeit phones had

4  fake serial numbers, fake manufacturing codes, internal components that had been hacked and

5  programmed to bypass internal software controls, and counterfeit factory seal box labels.  This

6  large sale of counterfeit Avaya products traced back to Atlas.  This is but one example of Atlas'

7  counterfeiting, and therefore, Avaya is informed and believes and thereon alleges that, if left

8  unchecked, Atlas will continue to resell counterfeit products with impunity.

9       39.    In addition, Avaya has confirmed through additional test purchases that Atlas is

10  also purchasing gray market Avaya products originally sold overseas in bulk and then repackaging

11  and reselling these previously sold phones as "new."  To convince their end customers that the

12  phones are new and authorized by Avaya, Atlas sells these phones in new packaging that

13  counterfeits the Avaya Marks and tradename and that counterfeits Avaya's genuine factory seals

14  with counterfeit factory labels that closely mimic genuine Avaya factory labels.

15       **ADDITIONAL FACTUAL ALLEGATIONS RELATED TO CONFUSION**

16       40.    The above unlawful conduct has a high likelihood of causing substantial consumer

17  confusion, and Avaya is informed and believes and thereon alleges, that Defendants' illegal

18  conduct caused significant actual consumer confusion.  To that end, the purchase of thousands of

19  counterfeit phones similarly reflects a belief by the customer that they were purchasing genuine

20  Avaya phones.  Further, in looking at the online sites through which Defendants made their sales,

21  neither those sites nor the customer reviews for Defendants' license sales shows any

22  acknowledgment of the illicit nature of the software licenses being bought and sold, and therefore

23  reflects the confusion by these customers about the lack of authorization and lack of genuineness

24  of these "Avaya" branded software license sales.  Avaya is informed and believes, and thereon

25  alleges, that Defendants intentionally and willfully traded on Avaya's Marks, reputation, and

26  goodwill to increase Defendants' sales by causing consumers to believe that their unlawful

27  product and software sales were somehow associated with, affiliated with, and authorized by,

28  Avaya, when they are not and when the unlawful products and/or software, as alleged in detail

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  above, are non-genuine and/or are counterfeit within the meaning of the Lanham Act.

2  **AVAYA'S CLAIMS FOR RELIEF**

3  **FIRST CLAIM FOR RELIEF**

4  **Federal Trademark Infringement and Counterfeiting**

5  ***15 U.S.C. § 1114***

6  **(Against All Defendants)**

7  41.    Avaya incorporates the preceding paragraphs of this Complaint as if fully set forth

8  herein.

9  42.    The Avaya Marks are valid, protectable trademarks that have been registered as

10  marks on the principal register in the United States Patent and Trademark Office.

11  43.    Avaya is the owner and registrant of the Avaya Marks.

12  44.    As described in more detail above, Defendants have used and counterfeited the

13  Avaya Marks in connection with the marketing, promotion, and sale of goods without Avaya's

14  consent, in a manner that is likely to cause, and has actually caused, confusion and/or mistake, or

15  that has deceived members of the consuming public and/or the trade.  Indeed, Defendants

16  counterfeiting and infringing activities are likely to cause and are actually causing confusion,

17  mistake, and deception among members of the trade and the general consuming public as to the

18  origin, sponsorship, and quality of Defendants' infringing products, counterfeit packaging, and

19  infringing software licenses.  As of the filing of this Complaint, Defendants are continuing to

20  infringe the Avaya Marks unabated as alleged further above.

21  45.    Defendants' infringement of the Avaya Marks is willful and their conduct, as

22  alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

23  46.    Avaya has been, and continues to be, damaged by Defendants' infringement,

24  including by suffering irreparable harm through the diminution of trust and goodwill among

25  Avaya consumers and members of the general consuming public and the trade.  Avaya has no

26  adequate remedy at law.  As a result of Defendants' infringement of the Avaya Marks, Avaya is

27  entitled to an injunction, and an order of destruction of all of Defendants' infringing materials.

28  47.    As a direct and proximate result of their infringements, Defendants have realized

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  unjust profits, gains, and advantages at the expense of Avaya, including as set forth above.  In

2  addition, Avaya has suffered substantial loss and damages to its property and business, including

3  significant monetary damages as a direct and proximate result of Defendants' infringements,

4  including as set forth above.  The harm caused by Defendants' unlawful conduct entitles Avaya to

5  recovery of all available remedies under the law, including but not limited to actual damages,

6  infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs,

7  and prejudgment interest.

8  **SECOND CLAIM FOR RELIEF**

9  **Federal Unfair Competition**

10  ***15 U.S.C. § 1125(a)***

11  **(Against All Defendants)**

12      48.    Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

13  set forth herein.

14      49.    Defendants did, without authorization, use in commerce the Avaya Marks, and also

15  make false designations of origin, false or misleading descriptions of fact, and/or false or

16  misleading representations of fact, which were and are likely to cause confusion, or to cause

17  mistake, or to deceive customers as to the affiliation, connection, or association of Defendants

18  with Avaya, and/or as to the origin, sponsorship, or approval of the Defendants' goods, services,

19  or commercial activities.

20      50.    Avaya alleges on information and belief that Defendants' acts have been committed

21  with knowledge of Avaya's exclusive rights and goodwill in Avaya Marks, as well as with

22  willfulness, bad faith, and the intent to cause confusion, mistake and/or to deceive.  Defendants'

23  conduct, as alleged herein, constitutes an exceptional case under 15 U.S.C. § 1117.

24      51.    Defendants' unauthorized use of counterfeit copies of Avaya's Marks falsely

25  represents Defendants' counterfeit "Avaya" products as emanating from, or being authorized by,

26  Avaya and places beyond Avaya's control the quality of products bearing Avaya Marks.

27      52.    Avaya has been, and continues to be, damaged by Defendants' infringement,

28  including by suffering irreparable harm through the diminution of trust and goodwill among

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

10312-2\3876705

14

Case No. 3:19-cv-00565

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Avaya consumers and members of the general consuming public and the trade.  Avaya has no

2    adequate remedy at law.  As a result of Defendants' infringement of the Avaya Marks, Avaya is

3    entitled to an injunction, and an order of destruction of all of Defendants' infringing materials.

4            53.     As a direct and proximate result of their infringements, Defendants have realized

5    unjust profits, gains and advantages at the expense of Avaya, including as set forth above.  In

6    addition, Avaya has suffered substantial loss and damages to its property and business, including

7    significant monetary damages as a direct and proximate result of Defendants' infringements,

8    including as set forth above.  The harm caused by Defendants' unlawful conduct entitles Avaya to

9    recovery of all available remedies under the law, including but not limited to actual damages,

10   infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs,

11   and prejudgment interest.

12                          **THIRD CLAIM FOR RELIEF**

13              **Federal Direct and Indirect Copyright Infringement**

14                          ***17 U.S.C. §§ 501, et seq.***

15                          **(Against All Defendants)**

16           54.     Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

17   set forth herein.

18           55.     Avaya's copyrighted software contains a substantial amount of original material

19   (including without limitation code, specifications, documentation and other materials) that is

20   copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*  Avaya owns

21   valid copyrights in the IPO software, including but not limited to U.S. Copyright Reg. Nos.

22   TX0008595990, TX0008592908, and TX0008592913.

23           56.     Without consent, authorization, approval, or license, Defendants knowingly,

24   willingly, and unlawfully copied, prepared, published, and distributed Avaya's copyrighted works,

25   portions thereof, and/or derivative works of the same.

26           57.     As alleged above, Defendants distributed numerous copies of Avaya's copyright-

27   registered software without authorization and in violation of Avaya's copyrights.  Such

28   distribution and use was not licensed.  In addition, Defendants have thereby induced, caused, and

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  materially contributed to the infringing acts of their customers by encouraging, inducing, allowing

2  and assisting them to use, copy, and distribute Avaya's copyrighted works, and works derived

3  therefrom.

4         58.    Defendants' direct and indirect infringements are, and have been, knowing and

5  willful.  By this unlawful copying, use, and distribution, Defendants have violated Avaya's

6  exclusive rights under 17 U.S.C. § 106 of the Copyright Act.

7         59.    Avaya is entitled to an injunction restraining Defendants from engaging in any

8  further such acts in violation of the United States copyright laws.  Unless Defendants are enjoined

9  and prohibited from infringing Avaya's copyrights, inducing others to infringe Avaya's

10  copyrights, and unless all infringing software, including but not limited to all pirated software

11  license keys, is seized and impounded pursuant to Section 503 of the Copyright Act, Defendants

12  will continue to intentionally infringe and induce infringement of Avaya's registered copyrights.

13         60.    Defendants' aforesaid conduct is causing immediate and irreparable injury to

14  Avaya and to Avaya's goodwill, and will continue to damage Avaya unless enjoined by this Court.

15  Avaya has no adequate remedy at law.  As a direct and proximate result of their infringements,

16  Defendants have realized unjust profits, gains and advantages at the expense of Avaya, including

17  as set forth above.  In addition, Avaya has suffered substantial loss and damages to its property

18  and business, including significant monetary damages as a direct and proximate result of

19  Defendants' infringements, including as set forth above.  The harm caused by Defendants'

20  unlawful conduct entitles Avaya to recovery of all available remedies under the law, including but

21  not limited to actual damages, infringers' profits, statutory damages (if elected), reasonable

22  attorney fees, costs, and prejudgment interest.

23  **FOURTH CLAIM FOR RELIEF**

24  **Violations of the Digital Millennium Copyright Act**

25  ***17 U.S.C. §§ 1201, et seq.***

26  **(Against All Defendants)**

27         61.    Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

28  set forth herein.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

62.     Avaya's has registered copyrights in its software.

63.     Avaya employs many technological measures to effectively control access to its copyright-protected software, including but not limited to software license keys.

64.     Defendants have circumvented technological measures that Avaya put in place to effectively control access to Avaya's copyright-protected software.  The pirated Internal Use Licenses that Defendants have sold online avoid, bypass, decrypt, and deactivate a technological protection measure without Avaya's authority for the purpose of gaining unauthorized access to Avaya's copyrighted works.  As alleged further above, Defendants offered to the public, provided or otherwise trafficked in pirated Internal Use Licenses, which constitutes technology that is primarily designed or produced for the purpose of either circumventing Avaya's technological protection measures that effectively control access to copyrighted works, or allowing third parties to access Avaya's copyrighted works without authorization.  Such pirated Internal Use Licenses have only limited commercially significant purpose or use other than to circumvent a technological protection measure that effectively controls access to copyrighted works, or are marketed by Defendant for use in circumventing a technological protection measure that effectively controls access to copyrighted works.  Further, as alleged further above, at least Defendant Atlas has trafficked in Avaya phones with internal components, which were hacked and programmed to bypass internal software controls.

65.     Defendants have realized significant profit by virtue of their circumvention of Avaya's technological protection measures and trafficking in technology to circumvent those measures.  Further, Avaya has sustained economic damage as a result of Defendants' circumvention of technological protection measures and trafficking in technology to circumvent those measures in an amount to be proven at trial.

66.     Avaya is therefore entitled to an injunction restraining Defendants from engaging in any further such acts in violation of the United States copyright laws.  Defendants' aforesaid conduct is causing immediate and irreparable injury to Avaya and to Avaya's goodwill, and will continue to damage Avaya unless enjoined by this Court.  Avaya has no adequate remedy at law.  Unless Defendants are enjoined and prohibited from infringing Avaya's copyrights, inducing

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   others to infringe Avaya's copyrights, and unless all pirated software license keys are seized and

2   impounded pursuant to 17 U.S.C. Section 1203, Defendants will continue to be able to circumvent

3   technological measures to effectively control access to Avaya's copyright-protected software and

4   to traffic in technology to circumvent Avaya's technological protection measures.

5        67.     Defendants' acts of software access control circumvention, alleged further above,

6   are and have been knowing and willful.  As a direct and proximate result of their infringements,

7   Defendants have realized unjust profits, gains and advantages at the expense of Avaya, including

8   as set forth above.  In addition, Avaya has suffered substantial loss and damages to its property

9   and business, including significant monetary damages as a direct and proximate result of

10  Defendants' infringements, including as set forth above.  The harm caused by Defendants'

11  unlawful conduct entitles Avaya to recovery of all available remedies under the law, including but

12  not limited to actual damages, infringers' profits, statutory damages (if elected), reasonable

13  attorney fees, costs, and prejudgment interest.

14  **FIFTH CLAIM FOR RELIEF**

15  **Violation of the Computer Fraud and Abuse Act**

16  ***18 U.S.C. §§ 1030, et seq.***

17  **(Against Defendants Pearce, Hines, and DBSI)**

18       68.     Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

19  set forth herein.

20       69.     Avaya's computer systems are involved in interstate and/or foreign commerce and

21  communication, and are protected computers under 18 U.S.C. § 1030(e)(2).

22       70.     Defendants Pearce, Hines, and DBSI, through Hines, (together the "Computer

23  Fraud Defendants") knowingly and intentionally accessed Avaya's computer systems without

24  authorization or in excess of authorization.

25       71.     Leveraging that access, the Computer Fraud Defendants obtained and used valuable

26  information from Avaya's protected computers in transactions involving interstate or foreign

27  commerce and/or communications.  This information included pirated and/or stolen Internal Use

28  Licenses, as well as password and other login information to enable them to hijack and leverage

1    other user accounts.

2         72.    Thus, the Computer Fraud Defendants also knowingly, willfully, and with an intent

3    to defraud accessed Avaya's computers without authorization or in excess of authorization and

4    obtained valuable information from Avaya's computers that the Computer Fraud Defendants used

5    to obtain something of value.  The Computer Fraud Defendants also knowingly, willfully, and

6    with an intent to defraud trafficked in login information through which Avaya computers were

7    accessed without authorization, affecting interstate commerce.

8         73.    Avaya has suffered irreparable harm and injuries resulting from the Computer

9    Fraud Defendants' conduct, which harm will continue unless the Computer Fraud Defendants are

10   enjoined from further unauthorized access of Avaya's protected computers.  Avaya has no

11   adequate remedy at law.

12        74.    The Computer Fraud Defendants' conduct has caused a loss to Avaya during a one-

13   year period in excess of $5,000.  Avaya has been harmed by the Computer Fraud Defendants'

14   actions, including but not limited to being forced to expend significant resources to investigate the

15   unauthorized access and abuse of its computer network and to address the harm to Avaya and its

16   computer network caused by that unlawful conduct.  The harm caused by the Computer Fraud

17   Defendants' unlawful conduct entitles Avaya to recovery of all available remedies under the law,

18   including but not limited to damages and equitable relief.

19                        **SIXTH CLAIM FOR RELIEF**

20              **Violations of the California Computer Data Access and Fraud Act**

21                         ***California Penal Code § 502***

22                **(Against Defendants Pearce, Hines, and DBSI)**

23        75.    Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

24   set forth herein.

25        76.    The Computer Fraud Defendants knowingly accessed and without permission used

26   data from Avaya's computers, computer systems, and/or computer network in order to devise

27   and/or execute a scheme to defraud and deceive in violation of California Penal Code § 502(c)(l).

28   The Computer Fraud Defendants knowingly accessed and without permission took, copied, and/or

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    used data from Avaya's computers, computer systems and/or computer network in violation of

2    California Penal Code § 502(c)(2).  The Computer Fraud Defendants knowingly and without

3    permission used or caused to be used Avaya's computer services in violation of California Penal

4    Code § 502(c)(3).  The Computer Fraud Defendants knowingly accessed and without permission

5    altered and added data to Avaya's computers, computer systems, and/or computer network in

6    violation of California Penal Code § 502(c)(4).  The Computer Fraud Defendants knowingly and

7    without permission accessed or caused to be accessed Avaya's computers, computer systems,

8    and/or computer network in violation of California Penal Code § 502(c)(7).

9        77.    Avaya suffered and continues to suffer damage as a result of the Computer Fraud

10   Defendants' violations of the California Penal Code § 502 identified above.

11       78.    The Computer Fraud Defendants' conduct also caused irreparable harm and injuries

12   to Avaya, and, unless enjoined, will cause further irreparable injury, for which Avaya has no

13   adequate remedy at law.  Avaya is therefore entitled to an injunction restraining the Computer

14   Fraud Defendants from engaging in any further such acts in violation of the law.

15       79.    The Computer Fraud Defendants willfully violated California Penal Code § 502 in

16   disregard and derogation of Avaya's rights, and their actions as alleged above were carried out

17   with oppression, fraudulent intent, and malice.

18       80.    The harm caused by the Computer Fraud Defendants ' unlawful conduct entitles

19   Avaya to recovery of all available remedies under the law, including but not limited to

20   compensatory damages, punitive or exemplary damages, reasonable attorney fees, costs, and

21   prejudgment interest.

22                          **SEVENTH CLAIM FOR RELIEF**

23                       **Trafficking In Counterfeit Or Illicit Labels**

24                                  ***18 U.S.C. § 2318***

25                              **(Against All Defendants)**

26       81.    Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

27   set forth herein.

28       82.    18 U.S.C. § 2318 provides in pertinent part that it is a federal crime for persons to

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    knowingly traffic in counterfeit or illicit labels, documentation, or packaging accompanying a

2    copy of a computer program.  Any copyright owner who is injured, or is threatened with injury, by

3    a violation of 18 U.S.C. § 2318(a) may bring a civil action.

4        83.    In order to access and run Avaya's copyright protected software, licensees must

5    validate their copies of Avaya's software with license keys that are generated through Avaya's

6    computer systems.  The license keys are encrypted alphanumeric codes that are encoded with the

7    authorized software features that have been licensed and a unique serial number of a memory card

8    that is physically inserted into the Avaya-built server running the Avaya software.  In this way, the

9    Avaya software license keys are designed to distribute Avaya software to licensed end users and to

10   prevent distribution, copying, and infringement by unlicensed users or in excess of a user's

11   license.

12       84.    Avaya's software license keys are identifying labels accompanying and designed to

13   accompany copies of Avaya's computer programs.  Defendants knowingly trafficked in illicit

14   labels by pirating Avaya Internal Use Licenses.  The pirated Avaya Internal Use Licenses that

15   Defendants all trafficked in constitute illicit labels within the meaning of 18 U.S.C. § 2318, as

16   they are genuine licensing documents that are used by Avaya to verify that a copy of a computer

17   program is not infringing of any Avaya copyright.

18       85.    Defendants' acts in the commission of the above unlawful conduct used or intended

19   to use interstate and/or foreign commerce.  Further, the Avaya software license keys must

20   accompany the delivery of Avaya software, as without the license key the Avaya software will not

21   operate.

22       86.    Defendants' conduct in violation of 18 U.S.C. § 2318 alleged above are, and have

23   been, knowing and willful.  Defendants' aforesaid conduct is causing immediate and irreparable

24   injury to Avaya and to Avaya's goodwill, and will continue to damage Avaya unless enjoined by

25   this Court.  Avaya has no adequate remedy at law.  Avaya is entitled to an injunction restraining

26   Defendants from engaging in any further such acts in violation of 18 U.S.C. § 2318.  Unless

27   Defendants are enjoined and prohibited from such conduct, and unless all illicit and/or counterfeit

28   labels, including but not limited to all pirated software license keys, are seized and impounded

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    pursuant to 18 U.S.C. § 2318, Defendants will continue to traffic in such illicit and/or counterfeit

2    labels.

3         87.    As a direct and proximate result of their unlawful conduct in violation of 18 U.S.C.

4    § 2318, Defendants have realized unjust profits, gains and advantages at the expense of Avaya,

5    including as set forth above.  In addition, Avaya has suffered substantial loss and damages to its

6    property and business, including significant monetary damages as a direct and proximate result of

7    Defendants' infringements, including as set forth above.  The harm caused by Defendants'

8    unlawful conduct entitles Avaya to recovery of all available remedies under the law, including but

9    not limited to actual damages, infringers' profits, statutory damages (if elected), reasonable

10   attorney fees, costs, and prejudgment interest.

11                              **EIGHTH CLAIM FOR RELIEF**

12                 **Unjust Enrichment/Restitution/Constructive Trust**

13                                    ***Common Law***

14                              **(Against All Defendants)**

15        88.    Avaya incorporates each of the foregoing paragraphs of this Complaint as if fully

16   set forth herein.

17        89.    Defendants unjustly received benefits at the expense of Avaya through their

18   wrongful conduct, as alleged further above.  Defendants continue to unjustly retain these benefits

19   at the expense of Avaya.  The unjust receipt of the benefits obtained by Defendants lacks any

20   adequate legal basis and thus cannot conscientiously be retained by Defendants.  Therefore, the

21   circumstances of the receipt and retention of such benefits are such that, as between Avaya and

22   Defendants, it is unjust for Defendants to retain any such benefits.  As alleged above, Defendants'

23   wrongful conduct and retention of the unjust benefits obtained through that wrongful conduct was

24   willful and undertaken with fraudulent intent.

25        90.    The harm caused by the Defendants ' unlawful conduct entitles Avaya to recovery

26   of all available remedies under the law, including but not limited to full restitution of all amounts

27   and/or other benefits in which Defendants have been unjustly enriched at Avaya's expense, in an

28   amount to be proven at trial, and/or imposition of a constructive trust over such amounts in favor

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

10312-2\3876705                        22                        Case No. 3:19-cv-00565

1   of Avaya, as well as punitive or exemplary damages, reasonable attorney fees, costs, and

2   prejudgment interest to the fullest extent available under the law.

3                          **PRAYER FOR RELIEF**

4          WHEREFORE, Avaya respectfully prays that the Court enter judgment as follows:

5          A.      For entry of judgment holding Defendants liable for their unlawful conduct,

6   including but not limited to their infringement of Avaya copyrights and trademarks set forth

7   above;

8          B.      For an order preliminarily and permanently enjoining Defendants, their officers,

9   agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in

10  interest, and those persons in active concert or participation with them, from any continued or

11  further acts of counterfeiting or infringement of any Avaya trademarks and/or copyrights,

12  including inducing infringement by any other party, as well as from further acts of unfair

13  competition, trafficking in illicit and/or counterfeit labels, and/or circumvention of Avaya

14  technological measures controlling access to its copyright-protected software, and enjoining the

15  Computer Fraud Defendants from their officers, agents, servants, employees, attorneys, and

16  affiliated companies, their assigns and successors in interest, and those persons in active concert or

17  participation with them, from any continued or further acts of computer fraud;

18         C.      For an order that any counterfeit or infringing products, or derivative works

19  therefrom, including but not limited to all unlicensed Avaya software and/or unauthorized Avaya

20  software licenses, as well as any illicit and/or counterfeit labels in Defendants' possession,

21  custody, or control, be seized, impounded, and transferred to Avaya or to the Court or destroyed,

22  pursuant to 15 U.S.C. § 1118, 17 U.S.C. §§ 503 & 1203, and/or 18 U.S.C. § 2318;

23         D.      For an order from the Court that an asset freeze and/or constructive trust be

24  imposed over all monies and profits in Defendants' possession, custody, or control, which

25  rightfully belongs or should be restored or delivered to Avaya;

26         E.      For Avaya's damages according to proof resulting from Defendants' unlawful and

27  infringing conduct as alleged above as well as Defendants' profits to the fullest extent available

28  under the law;

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    F.    For statutory damages to the fullest extent available under the law and to the extent

2  elected by Avaya prior to the rendering of final judgment;

3    G.    For prejudgment interest;

4    H.    For reasonable attorney fees and costs to the fullest extent available under the law;

5    I.    For treble damages, enhanced damages, punitive damages, and/or exemplary

6  damages to the fullest extent available under the law;

7    J.    For full restitution, including but not limited to restoration of all property

8  unlawfully taken from Avaya, as well as any ill-gotten gains from the unlawful conduct alleged

9  above;

10    K.    For an order that Avaya be awarded injunctive, specific performance, and other

11  provisional remedies, as appropriate; and,

12    L.    For such other and further relief as the Court deems just and proper.

13  DATED: January 31, 2019                SIDEMAN & BANCROFT LLP
                                           By:    _____/s/ Zachary J. Alinder_____
14                                                        Zachary J. Alinder
                                                     *Attorneys for Plaintiff*
15                                                        AVAYA INC.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## JURY DEMAND

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiff Avaya Inc. hereby demands a trial by a jury on all issues herein so triable.

DATED: January 31, 2019                    SIDEMAN & BANCROFT LLP

                                           By:  _____
                                                   */s/ Zachary J. Alinder*
                                                   Zachary J. Alinder
                                                   *Attorneys for Plaintiff*
                                                   AVAYA INC.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

10312-2\3876705                    25                    Case No. 3:19-cv-00565
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF