UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC., <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND BRADLEY PEARCE, *et al*., <br><br> Defendants. | Case No. 19-cv-00565-SI <br><br> **ORDER DENYING DEFENDANT ATLAS SYSTEMS INC.'S MOTION TO LIFT STAY WITH RESPECT TO DEFENDANT PEARCE OR ALTERNATIVELY FOR STAY OF ENTIRE CASE** <br><br> Re: Dkt. No. 48 |

Defendant Atlas Systems Inc. ("Atlas") has filed a motion to lift the stay with respect to defendant Pearce, or alternatively for a stay of the entire case. The motion is scheduled for a hearing on May 10, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion without prejudice to renewal at a later date.

**BACKGROUND**

On January 31, 2019, plaintiff Avaya Inc. ("Avaya") filed this lawsuit against numerous defendants, including former Avaya employee, Raymond Bradley Pearce, and Atlas. The first amended complaint ("FAC") alleges that "[f]or years, Defendants have been perpetrating a massive illegal software piracy operation, which resulted in the theft and subsequent resale of thousands of unauthorized Avaya Internal Use Software Licenses ('Internal Use Licenses') to end customers duped into buying pirated software, rather than buying genuine Avaya software licenses through authorized Avaya distribution channels." FAC ¶ 1 (Dkt. No. 59). According to the FAC,

> Long-term Avaya employee Defendant Pearce, in collusion with former Avaya authorized reseller Defendant Hines, willfully resold and distributed, and facilitated the further distribution and resale of, thousands of Avaya Internal Use Licenses –

> worth millions of dollars – all without Avaya's authorization, knowledge, or consent. The Internal Use Licenses were created by Pearce by entering Avaya's computer system using his employee account, as well as Avaya employee accounts hijacked by Pearce that had been doctored to conceal the scheme and to avoid internal controls. Pearce and Hines then covertly distributed the stolen Internal Use Licenses through their own companies, as well as through numerous other online resellers, including at least Defendants Atlas, Telephone Man, and Telecom Spot.

*Id*. ¶ 2. The FAC alleges claims for trademark infringement and counterfeiting, unfair competition, copyright infringement, unjust enrichment, and violations of a number of other federal statutes.

On February 22, 2019, defendant Pearce, acting *in pro per*, filed a motion to stay this action pending the completion of any related criminal proceedings against him. In support of the motion, Pearce filed a letter from his criminal defense lawyer stating that the lawyer had been informed by the United States Attorneys' Office in the Western District of Oklahoma that Pearce was the subject or target of a grand jury regarding the same matters that are alleged in Avaya's civil complaint. The letter also stated that Pearce's criminal attorney had advised Pearce to invoke privilege pursuant to the Fifth Amendment to the U.S. Constitution and the Oklahoma Constitution.

On March 20, 2019, the Court granted a stipulation filed by Avaya and Pearce under which Pearce withdrew his motion and Avaya and Pearce agreed that the Court should stay this action against Pearce only.

On March 21, 2019, defendant Atlas filed a motion to lift the stay as to Pearce, or alternatively to stay the entire action. Defendants Business Systems International, LLC and Telephone Man of America, LLC have joined Atlas' motion, and defendant Telecom Spot has indicated that it does not oppose Atlas' motion.[1]

**DISCUSSION**

Atlas requests that the Court lift the stay against Pearce, or alternatively that the Court stay the entire case. Atlas argues that stay prevents Atlas and the other defendants from conducting discovery as to Pearce, and thus severely impacts Atlas' ability to conduct a full investigation of Avaya's claims. Atlas argues that because the FAC alleges that Pearce is a central figure in the "illegal software piracy operation," Atlas needs discovery from Pearce in order to defend itself against Avaya's claims.

---

[1] Atlas notes that Pearce did not file an opposition. However, in light of Pearce's *pro se* status, the Court does not attribute any significance to his failure to file an opposition.

2

Avaya argues that the general rule in the Ninth Circuit is that parallel criminal and civil proceedings may proceed concurrently, and Avaya notes that Atlas does not assert that its own Fifth Amendment rights have been implicated. In addition, Avaya contends that if the stay against Pearce is lifted, Atlas would still not be able to obtain full discovery from Pearce because he and his criminal counsel have represented to the Court that Pearce will invoke his Fifth Amendment privilege against self-incrimination. Avaya also argues that a complete stay of this action would significantly prejudice Avaya, and Avaya notes that it has claims against Atlas that are independent of Pearce relating to Atlas' alleged sales of counterfeit "Avaya" branded phones and "gray market" Avaya phones. *See* FAC ¶¶ 3, 38-39.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). A court has discretion to stay civil proceedings when in the interest of justice. *Keating*, 45 F.3d at 324. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

> This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 324-35 (internal quotation marks and citation omitted).

The Court has considered the *Keating* factors and the circumstances of this case, and concludes that at this time it is not appropriate to lift the stay as to Pearce or to stay the entire action. In light of the pending criminal investigation, lifting the stay is not likely to facilitate Atlas' ability to take discovery from Pearce, particularly since at this time criminal charges have not been filed and thus the scope of the criminal case is not known. The Court also notes that several defendants,

3

including Atlas, have filed motions to dismiss the FAC, and other defendants have not yet responded to the FAC and thus additional motions to dismiss may yet be filed. It is in the interest of judicial efficiency to resolve these motions and settle the pleadings, which in any event must be done prior to the commencement of discovery. The Court is mindful of the concerns expressed by Atlas (and the other defendants), and the Court will work with the parties to craft a case management schedule that takes these concerns into consideration. Further, the Court understands that at some point, Atlas and the other defendants will need to conduct discovery on Pearce, and the Court is amenable to reevaluating the propriety of the partial stay at a later date.

Accordingly, the Court DENIES Atlas' motion without prejudice to renewal at a later date. In addition, the Court directs Avaya to monitor the status of Pearce's criminal proceedings and to inform the Court through a letter filed on the docket when any criminal charges are filed.

**IT IS SO ORDERED**.

Dated: May 8, 2019

SUSAN ILLSTON
United States District Judge