UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND BRADLEY PEARCE, *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00565-SI<br><br>**ORDER VACATING HEARING ON MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION FILED BY DEFENDANTS HINES, DBSI LLC AND US VOICE & DATA LLC; GRANTING PLAINTIFF'S REQUEST TO ALLOW JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. Nos. 70, 86 |

Defendants Hines, Dedicated Business Systems International, LLC ("DBSI") and US Voice and Data, LLC ("US Voice") have filed motions to dismiss for lack of personal jurisdiction, and those motions are scheduled for a hearing on July 12, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are suitable for resolution without oral argument and VACATES the hearing. **The motions to dismiss filed by defendants Atlas Systems, Inc. and Telephone Man of America, LLC remain on calendar for July 12, 2019 at 10:00 a.m., and the Court will hold the initial case management conference at 2:30 p.m. the same day with all parties.**

Plaintiff alleges that Hines, DBSI and US Voice, in addition to other defendants,

"perpetrat[ed] a massive illegal software piracy operation, which resulted in the theft and subsequent resale of thousands of unauthorized Avaya Internal Use Software Licenses ('Internal Use Licenses') to end customers duped into buying pirated software, rather than buying genuine Avaya software licenses through authorized Avaya distribution channels." First Amended Compl. ¶ 1 ("FAC"). DBSI was an authorized Avaya reseller of software licenses until Avaya terminated the partnership in 2013. *Id*. ¶ 38. Plaintiff alleges that after the termination, DBSI continued to claim it was an authorized Avaya dealer on its website. *Id*. US Voice was also an authorized Avaya reseller from 2014 to 2019, when Avaya terminated the partnership for cause. *Id*. ¶ 47. Hines is the sole member of DBSI and US Voice. Hines, DBSI and US Voice are New Jersey citizens.

The parties dispute whether this Court has specific jurisdiction over defendants. Plaintiff asserts that defendants accessed Avaya's Avaya Direct International ("ADI") software license portal thousands of times, and that in doing so affirmatively agreed to terms of use that explicitly set forth exclusive jurisdiction in the Northern District of California. Plaintiff also argues that by virtue of accessing the ADI, defendants knew Avaya was a California resident and thus defendants intentionally infringed Avaya's intellectual property rights knowing Avaya was located in California. Plaintiff has submitted a declaration from Avaya senior director Carey Gumbert stating that an account associated with DBSI's email address accessed Avaya's software licensing system over 13,000 times between 2016 to 2018, and over 5,000 times in 2018. Gumbert Decl. ¶ 2 (Dkt. No. 78-2). Avaya submitted another declaration from Avaya senior manager Lisa McCann stating that an account associated with US Voice's email address accessed Avaya's software licensing system over 300 times between 2015 to 2018, and over 200 times in 2018. McCann Decl. ¶ 2 (Dkt. No. 94-1). The McCann declaration also states that Avaya's records show that US Voice sold several software licenses to California residents, and that Hines activated those licenses. Plaintiff has not submitted any evidence about the ADI portal or the terms of use, nor has plaintiff submitted the underlying Avaya records purportedly showing that US Voice sold licenses in California or that Hines activated those licenses.

Hines has submitted declarations on his own behalf and on behalf of DBSI and US Voice. Hines states that to the best of his recollection, he, DBSI and US Voice have never affirmatively

2

Northern District of California

1 clicked to confirm acceptance of terms and conditions on the ADI portal, and that every agreement that Hines signed (in any capacity) with Avaya stated that New York was the forum state. *See generally* Hines Declarations (Dkt. Nos. 70-1 & 86-1). Hines also submitted a copy of the Avaya reseller agreement which states that New York is the forum state. Dkt. No. 86-1, Ex. A. Hines also states, *inter alia*, that DBSI and US Voice do not have any offices, representatives, or other physical presence in California, that less than 1% of DBSI's revenue comes from California, and that US Voice receives no revenue from California. *Id*.

For specific jurisdiction, the Ninth Circuit applies a three-part test: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of proving the first two elements. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). If the plaintiff meets this burden, the defendant must present a "compelling case" that jurisdiction would be "unreasonable." *Id.*

The Court concludes that it is appropriate to defer ruling on the motions to dismiss, in order to allow plaintiff to conduct jurisdictional discovery. The factual record is disputed, and plaintiff has not submitted evidence showing that defendants were on notice that Avaya is a California resident or that defendants consented to jurisdiction in California, nor has provided a copy or screenshot of the referenced terms of use showing California is the forum state. *Cf. Adobe Systems Inc., v. Blue Source Group, Inc*. 125 F. Supp. 3d 945, 962 (N.D. Cal. 2015) (plaintiff submitted affidavit showing that its products displayed the plaintiff's principal place of business in California and that the defendant sold and shipped at least one of the products); *Warner Bros. Home Ent. Inc. v. Jimenez*, No. CV 12–9160 FMO JEMX, 2013 WL 3397672, at *2 (C.D. Cal. July 8, 2013) (plaintiff presented evidence that the plaintiff's packaging, "which defendant must copy in order to create and sell the infringing products[,] contains . . . plaintiff's address in Burbank, California"); *Cairo, Inc. v. Crossmedia Servs., Inc*., No. C 04-04825 JW, 2005 WL 756610, at *4 (N.D. Cal. Apr. 1, 2005) (holding that the use of the other party's website gave "actual or imputed knowledge" of

3

the website's terms and effectively bound the party to the terms of use and the "forum selection clause therein"). The Court will set a discovery schedule at the July 12, 2019 case management conference.

**IT IS SO ORDERED.**

Dated: July 9, 2019

_____
SUSAN ILLSTON
United States District Judge