Vedder Price (CA), LLP
Michelle L. Landry, Bar No. 190080
mlandry@vedderprice.com
275 Battery Street, Suite 2464
San Francisco, California 94111
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendant
ATLAS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVAYA INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND BRADLEY PEARCE, a/k/a "BRAD" PEARCE, an individual; JASON HINES, an individual and doing business as DBSI and TELBEST.COM; DEDICATED BUSINESS SYSTEMS INTERNATIONAL LLC, doing business as DBSI.NET, a New Jersey limited liability company; ATLAS SYSTEMS, INC., doing business as ATLASPHONES.COM and "THE TELECOM DEALER," a Michigan corporation; TELEPHONE MAN OF AMERICA LLC, doing business as TELEPHONEMANOFAMERICA.COM and "TELEPHONEMANOFAMERICA," a Florida limited liability company; THE TELECOM SPOT, doing business as THETELECOMSPOT.COM, a Texas business entity; TRI-STATE COMMUNICATION SERVICES LLC, doing business as "US VOICE AND DATA, LLC," a New Jersey limited liability company; SHARKFISH CORP., an Oklahoma corporation, and, DOES 3 through 50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00565-SI<br><br>**DEFENDANT ATLAS SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND CROSSCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>First Amended Complaint Filed: April 5, 2019 |

Defendant Atlas Systems, Inc. ("Atlas"), through its undersigned counsel, answers the allegations contained in the First Amended Complaint (Dkt. No. 59, the "Complaint") filed by Plaintiff Avaya Inc. ("Plaintiff") as follows:

Unless expressly admitted herein, Atlas denies each and every allegation of the Complaint.[1]

## INTRODUCTION

1.      The allegations in Paragraph 1 contain only conclusory arguments and contentions regarding the claims set forth in the complaint, to which no response is required. To the extent that a response is required, Atlas denies the allegations.

2.      Atlas admits that it has purchased Avaya software licenses from other entities, including Jason Hines ("Hines") and/or Dedicated Business Systems International, LLC ("DBSI"). Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis it denies them.  Atlas further denies having any knowledge of Pearce's misconduct or that it purchased any stolen Internal Use Licenses.

3.      Atlas admits that it resold Avaya software licenses and phones that Atlas purchased from other entities and which it believed were genuine.  Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis it denies them.

4.      The allegations of Paragraph 4 contain only conclusory arguments and contentions regarding the claims set forth in the complaint, to which no response is required. To the extent the allegations in Paragraph 4 may be deemed to require a response, they are denied.

5.      The allegations of Paragraph 5 contain only conclusory arguments and contentions regarding the claims set forth in the complaint, to which no response is required. To the extent the allegations in Paragraph 5 may be deemed to require a response, they are denied.

---

[1] Capitalized terms not defined herein have the same meanings as ascribed to them in the Complaint.

1

**PARTIES**

2   6.  Atlas is without knowledge or information sufficient to form a belief as to the truth

3 of the allegations of Paragraph 6, and on that basis it denies the allegations.

4   7.  Atlas states that the allegations of Paragraph 7 are not directed to it and therefore

5 makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

6 information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that

7 basis it denies the allegations.

8   8.  Atlas states that the allegations of Paragraph 8 are not directed to it and therefore

9 makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

10 information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that

11 basis it denies the allegations.

12   9.  Atlas states that the allegations of Paragraph 9 are not directed to it and therefore

13 makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

14 information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that

15 basis it denies the allegations.

16   10.  Atlas admits that it is a Michigan corporation with its principal place of business in

17 Auburn Hills, Michigan. Atlas further admits that it sells products online at atlasphones.com and

18 that it does business through its  eBay store "The Telecom Dealer" under the seller name

19 thetelecomdealer. Atlas is without knowledge or information sufficient to form a belief as to the

20 truth of the remaining allegations of Paragraph 10, and on that basis it denies the allegations.

21   11.  Atlas states that the allegations of Paragraph 11 are not directed to it and therefore

22 makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

23 information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that

24 basis it denies the allegations.

25   12.  Atlas states that the allegations of Paragraph 12 are not directed to it and therefore

26 makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

27 information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that

28 basis it denies the allegations.

13.     The allegations of Paragraph 13 consist of Plaintiff's characterizations of its purported claims, to which no response is required. To the extent the allegations in Paragraph 13 may be deemed to require a response, they are denied.

14.     The allegations of Paragraph 14 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 14.

15.     The allegations of Paragraph 15 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 15.

## **JURISDICTION**

16.     Atlas admits that the Complaint purports to contain claims pursuant to federal trademark and copyright laws, 15 U.S.C. §§ 1051 et seq., 17 U.S.C. §§ 501 et seq., and 17 U.S.C. §§ 1201 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Atlas admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b), and 15 U.S.C. § 1121. Atlas admits that the Complaint alleges that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367. Atlas denies that Plaintiff has any claim against it under any of the foregoing trademark or copyright laws, the Computer Fraud and Abuse Act, or state laws. Atlas denies all of the remaining allegations in Paragraph 16.

17.     Atlas specifically denies that it has willfully infringed any intellectual property rights of Plaintiff or otherwise caused tortious injury to Plaintiff. The remaining allegations of Paragraph 17 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the remaining allegations in Paragraph 17.

18.     Atlas states that the allegations of Paragraph 18 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis it denies them.

**VENUE**

19.     Atlas admits that venue for this Action properly lies in the Northern District of California.  Atlas denies that Plaintiff's claims against Atlas have any merit.  The remaining allegations of Paragraph 19 are not directed to Atlas, and Atlas therefore makes no answer thereto, or else such allegations constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the remaining allegations in Paragraph 19.

**INTRA-DISTRICT ASSIGNMENT**

20.     Admitted.

**FACTUAL ALLEGATIONS RELATING TO AVAYA AND ITS IP**

21.     The allegations of Paragraph 21 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis it denies the allegations.

22.     The allegations of Paragraph 22 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis it denies the allegations.

23.     The allegations of Paragraph 23 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis it denies the allegations.

24.     The allegations of Paragraph 24 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis it denies the allegations.

25.     The allegations of Paragraph 25 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required,

Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis it denies the allegations.

26.     The allegations of Paragraph 26 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and on that basis it denies the allegations.

27.     The allegations of Paragraph 27 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and on that basis it denies the allegations.

28.     The allegations of Paragraph 28 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and on that basis it denies the allegations.

29.     The allegations of Paragraph 29 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and on that basis it denies the allegations.

30.     The allegations of Paragraph 30 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and on that basis it denies the allegations.

31.     The allegations of Paragraph 31 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and on that basis it denies the allegations.

**FURTHER FACTUAL ALLEGATIONS RELATED TO THE UNLAWFUL SCHEME**

32.     The allegations of Paragraph 32 consist of Plaintiff's characterizations of its purported claims, to which no response is required. To the extent the allegations in Paragraph 32 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and on that basis it denies the allegations. Atlas specifically denies being a part of any "large scale unlawful conspiracy" or having any knowledge that Pearce, or any others, were distributing pirated Internal Use Licenses, as alleged.

33.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from one or more third parties.  Atlas believed in good faith that Hines and/or DBSI were authorized by Avaya to sell its software licenses, and Hines and/or DBSI advertised themselves as such on their website (without any obvious objection from Avaya).  These software licenses were then resold by Atlas. The remaining allegations of Paragraph 33 are Plaintiff's characterizations and contentions regarding its own business or constitute legal contentions and/or conclusions, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and on that basis it denies the allegations.

34.     Atlas admits that it resold what Atlas believed to be genuine Avaya software licenses on the Atlas website. Atlas states that the remaining allegations of Paragraph 34 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34, and on that basis it denies the allegations.

35.     The allegations of Paragraph 35 consist of Plaintiff's characterizations of its purported claims and/or are not directed to Atlas, and therefore no response is required. To the extent the allegations in Paragraph 35 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and on that basis it denies the allegations. Atlas denies knowing that it was purchasing any pirated Internal Use Licenses, and has never met or heard of Defendant Bradley Pearce and has never purchased any licenses from him.

36.     The allegations of Paragraph 36 consist of Plaintiff's characterizations of its purported claims and/or are not directed to Atlas, and therefore no response is required. To the extent the allegations in Paragraph 36 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and on that basis it denies the allegations. Atlas denies knowing that it was purchasing any pirated Internal Use Licenses, and has never met or heard of "Terri Jenkins" or "TJ" and has never purchased licenses from any such person.

37.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities, including Hines and/or DBSI and that Hines/DBSI provided access to the ADI system to Atlas for the purpose of verifying his authorization to sell and the legitimacy of the licenses.  At all times, Atlas believed Hines and/or DBSI to be authorized to sell the licenses and that they were genuine.  Atlas states that the remaining allegations of Paragraph 37 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37, and on that basis it denies the allegations.

38.     The allegations of Paragraph 38 consist of Plaintiff's characterizations of its purported claims and are not directed to Atlas, and therefore no response is required. To the extent the allegations in Paragraph 38 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and on that basis it denies the allegations. Atlas admits that it understood Hines and/or DBSI to be an authorized reseller and never received any notice from Avaya that Hines and/or DBSI had their authorization terminated in 2013.  Atlas further admits that DBSI and/or Hines claimed to be an authorized dealer to Atlas and Atlas never received any notice from Avaya prior to the filing of this lawsuit that such statements were false.

39.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities, including Hines and/or DBSI.   The remaining allegations of Paragraph 39 consist of Plaintiff's characterizations of its purported claims and are not directed to Atlas, and therefore no response is required. To the extent the allegations in Paragraph 39 may be

deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and on that basis it denies the allegations. Atlas admits that Hines and/or DBSI provided login credentials to Avaya's ADI system for the purpose of verifying the genuineness of the licenses. Atlas further avers, upon information and belief, that Avaya did not disable Hines and/or DBSI's login credentials when it purportedly terminated Hines and/or DBSI as an Authorized Dealer in 2013.

40.    Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities, including from Hines and/or DBSI. Atlas further admits that it resold what Atlas believed to be genuine Avaya software licenses on its website. The remaining allegations of Paragraph 40 consist of Plaintiff's characterizations of its purported claims and are not directed to Atlas, and therefore no response is required. To the extent the remaining allegations in Paragraph 40 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40, and on that basis it denies the allegations. Atlas further avers that it has requested that Avaya provide it with information sufficient to enable it to determine whether it sold any Internal Use Licenses and Avaya has declined to do so, and on that basis Atlas denies having any knowledge that it purchased and resold any such licenses.

41.    The allegations of Paragraph 41 consist of Plaintiff's characterizations of its purported claims, to which no response is required. To the extent the allegations in Paragraph 41 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis it denies the allegations.

42.    Atlas admits that it sold what Atlas believed to be genuine Avaya software licenses. Atlas states that the remaining allegations of Paragraph 42 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis it denies them.

43.    Atlas states that the allegations of Paragraph 43 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis it denies them.  Atlas specifically denies having any knowledge of "Chad Johnson" or any other "fake identity" being used by Hines and/or DBSI and did not do business with such fictitious entities.

44.     Atlas states that the allegations of Paragraph 44 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis it denies them.

45.     Atlas states that the allegations of Paragraph 45 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis it denies them.

46.     Atlas states that the allegations of Paragraph 46 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis it denies them.

47.     Atlas states that the allegations of Paragraph 47 are not directed to it and therefore makes no answer thereto. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and on that basis it denies them.

48.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities, including from Hines and/or DBSI. Atlas further admits that it resold what Atlas believed to be genuine Avaya software licenses on its website. The remaining allegations of Paragraph 48 are not directed to Atlas and/or constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the remaining allegations in Paragraph 48.  Atlas specifically denies acting willfully or knowingly in supporting any alleged unlawful scheme or with willful blindness and complete disregard for the harm to Avaya.

**FURTHER FACTUAL ALLEGATIONS RELATED TO ATLAS PHONES**

49.    Atlas admits that has purchased and subsequently resold what Atlas believed to be genuine Avaya phone products from other entities.  Atlas denies any knowledge that these phones were "counterfeit" or that they contained internal components that had been hacked; Atlas was never contacted by Avaya about these phones before the filing of this action.  Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis it denies them.

50.    Atlas admits that it has purchased and resold Avaya products that were originally sold, shipped, or distributed outside the United States.  Atlas denies the remaining allegations of Paragraph 50.

**ADDITIONAL FACTUAL ALLEGATIONS RELATED TO CONFUSION**

51.    The allegations of Paragraph 51 consist of Plaintiff's characterizations of its purported claims, to which no response is required. To the extent the allegations in Paragraph 51 may be deemed to require a response, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and on that basis it denies the allegations. Atlas denies that it intentionally and willfully purchased or resold any counterfeit or infringing products.

**AVAYA'S CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Infringement and Counterfeiting**

***15 U.S.C. § 1114***

**(Against All Defendants)**

52.    Atlas re-alleges and reincorporates its responses to Paragraphs 1–51 above as if fully set forth herein.

53.    The allegations of Paragraph 53 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis it denies them.

54.     The allegations of Paragraph 54 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis it denies them.

55.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities.  Atlas further admits that it resold what Atlas believed to be genuine Avaya software licenses on its website. The remaining allegations of Paragraph 55 are not directed to Atlas and/or constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the remaining allegations in Paragraph 55.

56.     Atlas denies the allegations of Paragraph 56.

57.     Atlas denies the allegations of Paragraph 57.

58.     Atlas denies the allegations of Paragraph 58.

**SECOND CLAIM FOR RELIEF**

**Federal Unfair Competition**

***15 U.S.C. § 1125(a)***

**(Against All Defendants)**

59.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–58 above as if fully set forth herein.

60.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities.  Atlas further admits that it resold what Atlas believed to be genuine Avaya software licenses on its website. The remaining allegations of Paragraph 60 are not directed to Atlas and/or constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the remaining allegations in Paragraph 60.

61.     The allegations of Paragraph 61 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 61.

62.     Atlas denies the allegations of Paragraph 62.

63.     The allegations of Paragraph 63 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 63.

64.     Atlas denies the allegations of Paragraph 64.

## THIRD CLAIM FOR RELIEF

**Federal Direct and Indirect Copyright Infringement**

*17 U.S.C. §§ 501, et seq.*

**(Against All Defendants)**

65.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–64 above as if fully set forth herein.

66.     The allegations of Paragraph 66 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis it denies them.

67.     The allegations of Paragraph 67 constitute legal contentions and/or conclusions and/or are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas denies the allegations of Paragraph 67 to the extent they are directed to Atlas, and Atlas is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, and on that basis it denies the allegations.

68.     The allegations of Paragraph 68 constitute legal contentions and/or conclusions and/or are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas denies that the allegations of Paragraph 68 to the extent they are directed to Atlas, and Atlas is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, and on that basis it denies the allegations.

69.     The allegations of Paragraph 69 constitute legal contentions and/or conclusions and/or are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas denies that the allegations of Paragraph 69 to the extent they are directed

to Atlas, and Atlas is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, and on that basis it denies the allegations.

70.     The allegations of Paragraph 70 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 70.

71.     The allegations of Paragraph 71 constitute legal contentions and/or conclusions and/or are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas denies that the allegations of Paragraph 71 to the extent they are directed to Atlas, and Atlas is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, and on that basis it denies the allegations.

## FOURTH CLAIM FOR RELIEF

### Violations of the Digital Millennium Copyright Act

### *17 U.S.C. §§ 1201, et seq.*

### (Against All Defendants)

72.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–71 above as if fully set forth herein.

73.     The allegations of Paragraph 73 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis it denies them.

74.     The allegations of Paragraph 74 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and on that basis it denies the allegations.

75.     Atlas denies the allegations of Paragraph 75 to the extent they are directed to Atlas. The remaining allegations of Paragraph 75 are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 75, and on that basis it denies the allegations.

76.     Atlas admits that it purchased what Atlas believed to be genuine Avaya software licenses from other entities. Atlas further admits that it resold what Atlas believed to be genuine Avaya software licenses on its website. Atlas otherwise denies the allegations of Paragraph 76 to the extent they are directed to Atlas.  The remaining allegations of Paragraph 76 are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 76, and on that basis it denies the allegations.

77.     Atlas admits that it purchased and resold what Atlas believed to be genuine Avaya phones from other entities. Atlas specifically denies that it "hacked" internal components of Avaya phones to bypass internal software controls or that it knowingly sold an Avaya phone with "hacked" internal components. Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 77, and on that basis it denies the allegations.

78.     Atlas denies the allegations of Paragraph 78 to the extent they are directed to Atlas. The remaining allegations of Paragraph 78 are allegations not directed to Atlas, and therefore no response is required. To the extent any answer is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 78, and on that basis it denies the allegations.

79.     The allegations of Paragraph 79 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 79.

80.     The allegations of Paragraph 80 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 80.

**FIFTH CLAIM FOR RELIEF**

**Violations of the Computer Fraud and Abuse Act**

***18 U.S.C. §§ 1030, et seq.***

**(Against Defendants Pearce, Hines, and DBSI)**

81.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–80 above as if fully set forth herein.

82.     The allegations of Paragraph 82 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

83.     The allegations of Paragraph 83 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

84.     The allegations of Paragraph 84 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

85.     The allegations of Paragraph 85 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

86.     The allegations of Paragraph 86 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

87.     The allegations of Paragraph 87 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

**SIXTH CLAIM FOR RELIEF**

**Violations of the California Computer Data Access and Fraud Act**

**California Penal Code § 502**

**(Against Defendants Pearce, Hines, and DBSI)**

88.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–87 above as if fully set forth herein.

89.     The allegations of Paragraph 89 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

90.     The allegations of Paragraph 90 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

91.     The allegations of Paragraph 91 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

92.     The allegations of Paragraph 92 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

93.     The allegations of Paragraph 93 constitute legal contentions and/or conclusions and are allegations not directed to Atlas, and therefore no response is required.

## SEVENTH CLAIM FOR RELIEF

### Trafficking In Counterfeit Or Illicit Labels

### 18 U.S.C. § 2318

### (Against All Defendants)

94.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–93 above as if fully set forth herein.

95.     The allegations of Paragraph 95 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 95.

96.     The allegations of Paragraph 96 are Plaintiff's characterizations and contentions regarding its own business, to which no response is required.  To the extent a response is required, Atlas is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96, and on that basis it denies the allegations.

97.     Atlas denies that it "knowingly trafficked in illicit labels by distributing pirated Avaya Internal Use Licenses."  The remaining allegations of Paragraph 97 constitute legal contentions and/or conclusions and/or are allegations not directed to Atlas, and therefore no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 97.

98.     Atlas denies the allegations of Paragraph 98 to the extent they are directed to Atlas. Atlas denies acting "willfully and knowingly in supporting" the alleged unlawful scheme or "with willful blindness and complete disregard for the harm caused to Avaya", denies any knowledge of the alleged "vast illegal operation" and denies that it lacked good faith as alleged.  Atlas is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98, and on that basis it denies the remaining allegations.

99.     Atlas admits that Hines and/or DBSI provided Atlas with login credentials for Avaya's ADI software license portal which Atlas believed in good faith that Hines and/or DBSI were authorized to provide to Atlas and that Atlas utilized those login credentials to validate software licenses purchase from Hines and/or DBSI believing in good faith that Atlas was authorized by Avaya to do so.  Atlas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 99, and on that basis it denies the allegations.

100.     The allegations of Paragraph 100 are Plaintiff's characterizations and contentions regarding its own business and constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 100.

101.     The allegations of Paragraph 101 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 101.

102.     The allegations of Paragraph 102 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 102.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment/Restitution/Constructive Trust

### Common Law

### (Against All Defendants)

103.     Atlas re-alleges and reincorporates its responses to Paragraphs 1–28, 33–64, and 81–102 above as if fully set forth herein.

104.     The allegations of Paragraph 104 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 104.

105.    The allegations of Paragraph 105 constitute legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Atlas denies all of the allegations in Paragraph 105.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Atlas denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Atlas sets forth the following Affirmative Defenses without assuming any burden of proof not otherwise imposed upon Atlas.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

106.    The Complaint fails to state a claim against Atlas upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

107.    Plaintiff's claims and damages are barred and/or limited by the applicable statutes of limitations, including but not limited to 17 U.S.C. § 507(b).

108.    In addition, because the Lanham Act does not contain a statute of limitations, federal courts have referred to analogous state statutes of limitations to determine whether a Lanham Act claim is barred by a statute of limitations or laches. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836-37 (9th Cir. 2002); *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).  For Lanham Act claims, federal courts import the statute of limitations governing either actions for fraud or common law trademark infringement claims as being most analogous. *See, e.g., Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133 , 1140 (9th Cir. 2010) (applying Arizona's three-year statute of limitations for fraud); *Jarrow Formulas*, 304 F.3d at 836-37 (applying California's three-year statute of limitations for fraud ); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) (applying California's four-year statute of limitations for common law trademark infringement).  Thus, for Plaintiff's claims under the Lanham Act, the analogous state statute of limitation is either California's three-year statute of limitations for fraud or California's four-year statute of limitations for common-law trademark infringement.  *See Karl Storz Endoscopy Am., Inc.*

1    *v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) (applying three-year statute of limitations

2    to Lanham Act claim); *Miller*, 454 F.3d at 997.

3    109.    Upon information and belief, Plaintiff delayed for more than three or four years (as

4    applicable) before bringing suit.  Accordingly, Plaintiff's claims are barred by the applicable

5    statutes of limitations.

6    **THIRD AFFIRMATIVE DEFENSE**

7    **(Superseding Causes)**

8    110.    Any and all violations alleged in the Complaint were the result of superseding or

9    intervening causes arising from the acts or omissions of parties that Atlas neither controlled nor

10   had the legal right to control, and such alleged violations were not proximately or otherwise caused

11   by any act, omission, or conduct of Atlas.

12   **FOURTH AFFIRMATIVE DEFENSE**

13   **(Copyright Fair Use Doctrine)**

14   111.    Plaintiff's claims for relief are barred, in whole or in part, by the Copyright Fair Use

15   Doctrine pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

16   **FIFTH AFFIRMATIVE DEFENSE**

17   **(Trademark Fair Use Doctrine)**

18   112.    Plaintiff's claims for relief are barred, in whole or in part, by the Trademark Fair

19   Use Doctrine pursuant to Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).

20   **SIXTH AFFIRMATIVE DEFENSE**

21   **(First Sale Doctrine)**

22   113.    The Complaint's claims are barred in whole or in part because some or all of the

23   products Atlas sold on which Plaintiff bases its claims were the subject of a legitimate first sale by

24   Plaintiff or a person authorized by Plaintiff.  *See* 17 U.S.C. §109(a); *Sebastian Int'l, Inc. v. Longs*

25   *Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995).

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -

ATLAS' ANSWER TO FIRST
AMENDED COMPLAINT

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(Innocent Infringement)**

3     114.    The Complaint's claims are barred in whole or in part because Atlas's conduct was

4  innocent, in good faith, and not a willful infringement of any copyright or trademark. Atlas believed

5  that the products it purchased and sold were genuine.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7

**(Laches)**

8     115.    Plaintiff's claims are barred by the doctrine of laches.

9

**NINTH AFFIRMATIVE DEFENSE**

10

**(Unclean Hands)**

11     116.    The Complaint and each and every purported claim against Atlas is barred by the

12  doctrine of unclean hands in that Plaintiff's long-time employee (who upon information and belief

13  had a prior felony conviction) has caused the damages Plaintiff may have incurred, if any.

14  Moreover, Plaintiff authorized at least Hines and/ or DBSI as an Authorized Dealer and provided

15  login credentials for its system; at no time did Avaya provide Atlas notice that Hines and/or DBSI's

16  relationship had been terminated or that it was no longer permitted to use its login credentials.

17

**TENTH AFFIRMATIVE DEFENSE**

18

**(Equitable Estoppel/Equitable Indemnity)**

19     117.    Based upon Plaintiff's conduct, Plaintiff's claims are barred by the doctrine of

20  equitable estoppel and equitable indemnity.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22

**(Uncertainty)**

23     118.    The Complaint and each cause of action therein presented are vague, ambiguous,

24  and uncertain. Atlas reserves the right to add additional defenses as the factual bases for each of

25  Plaintiff's claims and allegations become known.

26

27

28

**TWELFTH AFFIRMATIVE DEFENSE**

**(Equities in Favor of Defendant)**

119.    Plaintiff is barred from recovering the relief sought in the Complaint because the equities weigh in favor of Atlas.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Cumulative Remedies)**

120.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Deceptive Act or Practice)**

121.    Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or practice. The representations and advertisements for the products at issue were believed to accurately portray the products.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Unfair)**

122.    The representations and advertising regarding the products at issue are not unfair. No representation or advertisement contains any false or misleading statement or promises any good not intended to be delivered. As such, the representations and advertising are not, and were not, unfair.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

123.    The Complaint's claims for punitive damages are barred and should be stricken because such an award would violate Atlas's rights guaranteed under the California and United States Constitutions, including, without limitation, the Equal Protection and Due Process provisions of the Fifth and Fourteenth Amendments of the United States Constitution, and the Excessive Fines provision of the Eighth Amendment of the United States Constitution.

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (No Punitive Damage Intent)

3    124.    The Complaint's claims for punitive damages are barred and should be stricken

4 because Atlas's alleged conduct was not undertaken with the requisite intent to support an award

5 of punitive damages.

6

## EIGHTEENTH AFFIRMATIVE DEFENSE

7

### (Consent)

8    125.    Plaintiff, through its long-time employee, or through its authorization of resellers,

9 including Hines and/or DBSI, consented to each of the acts attributed to Atlas as alleged herein by

10 Plaintiff, and therefore each purported claim for relief contained in the Complaint is barred in whole

11 or part.

12

## NINETEENTH AFFIRMATIVE DEFENSE

13

### (Acquiescence)

14    126.    Plaintiff's claims against Atlas are barred and should be stricken by the doctrine of

15 acquiescence.

16

## TWENTIETH AFFIRMATIVE DEFENSE

17

### (Failure to Mitigate)

18    127.    Plaintiff's claims against Atlas are barred and should be stricken because Plaintiff

19 failed to mitigate any damages.

20

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21

### (No Statutory Damages or Attorneys' Fees)

22    128.    Plaintiff's claims against Atlas for treble damages, statutory damages (if elected),

23 and its reasonable attorney fees under the Copyright Act are barred inasmuch as Plaintiff's alleged

24 copyright were not registered prior to the allegedly infringing acts.

25

26

27

28

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Misuse)

3    129.   Plaintiff's claims against Atlas are barred by Plaintiff's attempts to misuse any

4  purported trademark or copyright ownership by extending beyond any recognizable and lawful

5  limited monopoly.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Invalidity or Unenforceability of Copyright)

8    130.   Plaintiff's claims against Atlas are barred because Plaintiff's asserted purported

9  copyrights are invalid and/or unenforceable.

10

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11

### (Invalidity or Unenforceability of Trademark)

12    131.   Plaintiff's claims against Atlas are barred because Plaintiff's asserted purported

13  trademarks are invalid and/or unenforceable.

14

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

15

### (Forfeiture or Abandonment)

16    132.   Plaintiff's claims against Atlas are barred to the extent that Plaintiff has forfeited or

17  abandoned its purported intellectual property.

18

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

19

### (Reservation of Additional Defenses)

20    133.   Atlas reserves the right to amend its answer to raise additional affirmative defenses

21  as may be revealed through further investigation and discovery.

22

## CROSSCLAIMS

23    In accordance with Rule 13 of the Federal Rules of Civil Procedure, Defendant Atlas

24  Systems, Inc. ("Atlas") hereby asserts its crossclaims against Jason Hines, an individual ("Hines"),

25  and Dedicated Business Systems International LLC, a New Jersey limited liability company

26  ("DBSI"), (Hines and DBSI collectively referred to as the "Cross-Defendants"), and alleges as

27  follows:

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE PARTIES**

1.      Atlas is a Michigan corporation, with its principal place of business in Auburn Hills, Michigan.

2.      Upon information and belief, Hines is a New Jersey resident, residing in Caldwell, New Jersey.  Upon information and belief, Dedicated Business Systems International LLC is a New Jersey limited liability company with its principal place of business in Fairfield, New Jersey.

3.      Upon information and belief, Hines is the owner and operator of DBSI.

**JURISDICTION**

4.      In the underlying First Amended Complaint (Dkt. No. 59, the "Complaint"), Plaintiff Avaya Inc. ("Plaintiff") asserts claims against Atlas based on infringement of Plaintiff's purported intellectual property rights under the trademark and copyright laws of the United States, 15 U.S.C. §§ 1051 et seq., 17 U.S.C. §§ 501 et seq., and 17 U.S.C. §§ 1201 et seq. The allegations contained in Plaintiff's Complaint are expressly incorporated herein.  Atlas' crossclaims against the Cross-Defendants arise out of the same transactions that are the subject matter of the original action alleged by Plaintiff against Atlas, including Plaintiff's allegations of trademark and copyright infringement.

5.      This Court has original jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a)–(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Atlas' crossclaims under 28 U.S.C. §§ 1338(b) and 1367.

6.      Upon information and belief, this Court has personal jurisdiction over the Cross-Defendants because they have transacted routine business in this District amounting to sufficient minimum contacts.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1400(a).

**FACTS**

8.      Atlas entered into contracts with the Cross-Defendants in the form of Purchase Orders (collectively, the "Agreement") for the purchase of "Avaya"-branded software and or

software licenses (the "<u>Covered Products</u>") from the Cross-Defendants.  An exemplary Purchase Order is provided as <u>Exhibit A</u> hereto.

9.      The Cross-Defendants promoted themselves as being "Authorized Dealers" of Plaintiff who were authorized by Plaintiff to sell the Covered Products to Atlas.

10.      On January 31, 2019, Plaintiff filed a complaint alleging trademark and copyright infringement by Atlas based at least in part on Atlas' resale of the Covered Products purchased from Hines and DBSI pursuant to the Agreement.

11.      On April 5, 2019, Plaintiff filed its First Amended Complaint alleging trademark and copyright infringement by Atlas based at least in part on Atlas' resale of the Covered Products purchased from Hines and DBSI pursuant to the Agreement.

## COUNT I (UNIFORM COMMERCIAL CODE INDEMNIFICATION)

12.      Atlas realleges and incorporates by this reference the allegations of paragraphs 1–11 above, as though set forth in full herein.

13.      The Covered Products sold to Atlas by the Cross-Defendants were all purchased by Atlas in Michigan.

14.      Under Section 2312(3) of the Michigan Uniform Commercial Code, Mich. Comp. Laws § 440.2312(3), "[u]nless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications."

15.      The Cross-Defendants are merchants regularly dealing in the sale of products such as the Covered Products purchased by Atlas from the Cross-Defendants pursuant to the Agreement. Atlas did not furnish specifications to the Cross-Defendants with respect to the Covered Products purchased by Atlas from the Cross-Defendants pursuant to the Agreement. Moreover, Plaintiff's infringement claims against Atlas do not arise out of the Cross-Defendants' compliance with specifications provided by Atlas.

16.     Plaintiff's Complaint against Atlas alleges that the Covered Products sold by Atlas infringe Plaintiff's intellectual property and other rights.  Atlas purchased the Covered Products that Plaintiff alleges Plaintiff's intellectual property and other rights from the Cross-Defendants.

17.     Accordingly, Atlas is entitled to indemnification from the Cross-Defendants for any liabilities, costs, damages, or expenses, including reasonable attorneys' fees, attributable to Plaintiff's claims in this litigation based on the Covered Products.

## COUNT II (CONTRACTUAL INDEMNIFICATION)

18.     Atlas realleges and incorporates by this reference the allegations of paragraphs 1–17 above, as though set forth in full herein.

19.     In the Agreement, the Cross-Defendants warranted that they had title to the Covered Products and that such title would vest in Atlas.  Specifically, each of the Purchase Orders between Atlas (as "Purchaser") and Cross-Defendants (each as a "Seller") provided in relevant part that "Seller warrants that they have title, free and clear of all liens, claims and encumbrances of any kind to all product on this Purchase Order and that title shall vest in Purchaser upon receipt and acceptance of Purchaser."

20.     Plaintiff's Complaint against Atlas alleges that the Covered Products sold by Atlas infringe Plaintiff's intellectual property and other rights and were not authorized for sale by Plaintiff.  Atlas purchased the Covered Products that Plaintiff alleges are unauthorized and infringe Plaintiff's intellectual property and other rights from the Cross-Defendants.  As such, the Cross-Defendants breached their contractual warranties.

21.     At all relevant times, the Cross-Defendants knew that Atlas was relying upon the Cross-Defendants to provide products that could be lawfully sold in the United States and that the Covered Products were virtually—if not entirely—indistinguishable from Plaintiff's authorized products.

22.     Atlas relied on the Cross-Defendants' expertise and judgment as distributors of the Covered Products to provide authorized products that could be lawfully sold in the United States.

23.     Accordingly, Atlas is entitled to recover its damages resulting from the Cross-Defendants' breach of their contractual warranties, including indemnification from the Cross-

Defendants for any liabilities, costs, damages, or expenses, including reasonable attorneys' fees, attributable to Plaintiff's claims in this litigation based on the Covered Products.

## COUNT III (EQUITABLE INDEMNIFICATION)

24.     Atlas realleges and incorporates by this reference the allegations of paragraphs 1–23 above, as though set forth in full herein.

25.     The Cross-Defendants sold the Covered Products that Plaintiff alleges Plaintiff's intellectual property and other rights to Atlas. In the event that Plaintiff's allegations are found to be correct, the Cross-Defendants sold the Covered Products to Atlas knowing that the Covered Products infringed Plaintiff's intellectual property and other rights.  At the very least, in the event that Plaintiff's allegations are found to be correct, the Cross-Defendants sold the Covered Products to Atlas in willful disregard for whether the Covered Products infringed Plaintiff's intellectual property and other rights.  The Cross-Defendants never informed Atlas that the Covered Products infringed Plaintiff's intellectual property and other rights.

26.     At all relevant times, the Cross-Defendants knew that Atlas was relying upon the Cross-Defendants to provide products that could be lawfully sold in the United States and that the Covered Products were virtually—if not entirely—indistinguishable from Plaintiff's authorized products.

27.     Atlas denies that it is liable to Plaintiff. If, however, Atlas is found liable for any of the theories of recovery asserted by Plaintiff against Atlas in the Complaint based on the Covered Products, then the conduct of the Cross-Defendants in selling Atlas the Covered Products caused or contributed to the injury and damage alleged by Plaintiff in the Complaint.

28.     Atlas relied on the Cross-Defendants' expertise and judgment as distributors of the Covered Products to provide products that could be lawfully sold in the United States.

29.     As such, if Plaintiff recovers a judgment or settlement against Atlas, then Atlas is entitled to a judgment against Cross-Defendants for the fair and proportionate share of any such judgment or settlement. Further, Cross-Defendants are liable for all of Atlas' reasonable attorneys'

fees and costs incurred in defending the present action attributable to Plaintiff's claims based on the Covered Products sold to Atlas by the Cross-Defendants.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Atlas prays:

1.     That the Complaint be dismissed with prejudice and that Plaintiff shall take nothing by reason of its Complaint;

2.     For judgment entered in favor of Atlas and against Plaintiff in the principal action;

3.     That Atlas be awarded from Plaintiff its attorney fees, expenses, and costs incurred in defense of the principal action;

4.     For a declaration that the Cross-Defendants have an obligation to indemnify and hold harmless Atlas against any and all settlements, damages, judgments, or other awards that may be recovered against Atlas by Plaintiff in the principal action;

5.     For an award of damages from the Cross-Defendants adequate to compensate Atlas for any and all costs, losses, liabilities, expenses (including attorneys' fees), judgments, and amounts actually and reasonably incurred attributable to Plaintiff's claims in this litigation; and

6.     For such other relief which the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Atlas demands a trial by jury on all issues so triable.

Dated: August 1, 2019                    VEDDER PRICE (CA), LLP


By:  /s/ Michelle L. Landry
        Michelle L. Landry

Attorneys for Defendant
ATLAS SYSTEMS, INC.