UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC., <br>     Plaintiff, <br> v. <br> RAYMOND BRADLEY PEARCE, *et al.*, <br>     Defendants. | Case No. 19-cv-00565-SI <br><br> **ORDER RE: DISCOVERY** <br> Re: Dkt. No. 121 |

Plaintiff Avaya Inc. and defendants Telephone Man of America LLC, Jason Hines, Dedicated Business Systems, International LLC ("DBSI"), US Voice and Data LLC, and Atlas Systems, Inc., have filed a Joint Statement of Discovery Dispute regarding plaintiff's proposed subpoenas to non-parties eBay, Inc. and PayPal, Inc. Dkt. No. 121. The subpoenas request "all purchase/sales transaction data" related to specific eBay or PayPal user accounts connected to the moving defendants or defendant Pearce between January 1, 2009 and the present.

Defendants object that the subpoenas are overbroad because they seek information outside the three or four year statute of limitations applicable to Avaya's claims. Telephone Man objects that the subpoenas' definition of "Avaya Product" is vague and ambiguous because the definition requires eBay and Paypal to determine which products qualify as Avaya Products. Telephone Man also objects that the definition is overbroad as to Telephone Man because it includes hardware and software products, and Avaya has only alleged claims involving software against Telephone Man. Telephone Man and Atlas object that the subpoenas seek personal and confidential information about defendants' customers. DBSI and Telephone Man object that the subpoenas broadly seek all "purchase/sales transaction data" and they are not limited to purchase/sales transaction data involving Avaya products; although the subpoenas define "Avaya Product," the document requests

themselves do not refer to "Avaya Product."[1]

Avaya contends that defendants do not have standing to move to quash the subpoenas because defendants cannot assert a personal right or privilege with respect to the requested sales data. Avaya argues that the time period covered by the subpoenas is not overbroad because Avaya believes that defendant Pearce began the copyright infringement scheme in 2009, and defendants concealed the scheme from Avaya. Avaya argues that any concerns about disclosure of confidential and personal information can be addressed through a protective order. Avaya argues that its definition of "Avaya Product" is appropriate because, *inter alia*, "it is entirely possible . . . that the Moving Defendants have sold hardware utilizing the eBay and PayPal platforms that contained the stolen, Internal Use software licenses as a product 'bundle.'" Dkt. No. 121 at 5. Avaya does not respond to defendants' contention that the subpoenas are overbroad because they are not limited to seeking purchase/sales transaction data for sales of Avaya products.

Federal Rule of Civil Procedure 45 governs motions to quash or modify a subpoena, and provides that a court must modify or quash a subpoena that, among other things, "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv). "Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Glass Egg Digital Media v. Gameloft, Inc*., No. 17-CV-04165 MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019). The party moving to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

The Court concludes that defendants have standing to object to the proposed subpoenas because the subpoenas seek transaction/sales data related to defendants' eBay and PayPal accounts. However, the Court concludes that most of defendants' objections are unfounded for the reasons stated by Avaya. The Court agrees with plaintiff that it may seek information beginning in 2009 because "the statute of limitations does not prohibit recovery of damages incurred more than three

---

[1] Although the letter brief states that defendants Hines and US Voice and Data join in the filing of the letter, the letter does not contain a separate statement by these defendants.

2

years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The Court also finds that the definition of "Avaya Product" is not vague or ambiguous, and that contrary to Telephone Man's assertions, defining "Avaya Product" to include all Avaya hardware and software products will likely make it easier for eBay and PayPal to respond to the subpoenas because they will not have to determine what type of Avaya product is involved in a particular sale. Further, Avaya has alleged claims involving hardware (telephones) in this lawsuit, albeit against a different defendant.

However, the Court agrees with defendants that the subpoenas are overbroad because the document requests do not actually refer to "Avaya Product," and instead seek *all* transaction/sales data connected to the listed user accounts. Plaintiff is directed to narrow the requests so that they are limited to transaction/sales data involving Avaya Products. Finally, the Court finds that a protective order (which the parties are currently negotiating) can address defendants' concerns about the production of customers' personal information.

**IT IS SO ORDERED**.

Dated: August 20, 2019

SUSAN ILLSTON
United States District Judge