UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVAYA INC.,

    Plaintiff,

v.

RAYMOND BRADLEY PEARCE, *et al.*,

    Defendants.

Case No. 19-cv-00565-SI

**ORDER RE: DISCOVERY**

Re: Dkt. No. 204

Plaintiff Avaya Inc. and defendant Atlas Systems, Inc. have submitted to the Court a discovery dispute regarding Atlas' responses to Avaya's First Set of Requests for Production of Documents. The parties dispute (1) whether Atlas should be required to provide certain customer information related to sales of Avaya licenses[1] and (2) the relevant time period for the sales information.

The Court has reviewed the parties' arguments and holds as follows:

1. With regard to customer information, Atlas shall provide all requested customer information, including for sales of Avaya licenses. The Court agrees with Avaya that this information is relevant to Avaya's claims. With regard to Atlas' concerns about customer privacy, Atlas may designate that information as confidential under the protective order, if appropriate. Further, the Court is mindful of the concerns Atlas has raised about its customers, and instructs Avaya that if it wishes to contact Atlas' customers, it may do so only by providing Atlas with 5 days advance notice of such contact. If Avaya wishes to subpoena any Atlas customers, it may only do so by stipulation or upon a showing of good cause to the Court.

---

[1] Atlas states that it has or will provide the requested information, including customer information, for sales of allegedly counterfeit phones.

2. The Court finds that Avaya may seek information beginning in 2009. *See Polar Bear Products v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (holding "the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances."). The Court finds that under *Polar Bear* and based on plaintiff's allegation that it only recently discovered the alleged infringement, this information is discoverable. The Court makes no finding at this time as to whether Avaya is in fact entitled to recover damages back to 2009.

Defendant advances some persuasive arguments that the discovery rule as established in *Polar Bear* is no longer good law after *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), and *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020) (holding that after *Petrella*, "we must apply the discovery rule to determine when a copyright infringement claim accrues, but a three-year lookback period from the time a suit is filed to determine the extent of the relief available."). However, the Court agrees with other courts in the Northern District that "[a]bsent a clear overruling by the Supreme Court, this Court remains bound by the discovery rule as established in *Polar Bear*." *Menzel v. Scholastic, Inc.*, ___ F. Supp. 3d ___, Case No. 17-cv-05499-EMC, 2019 WL 6896145, at *5 (N.D. Cal. Dec. 18, 2019); *see also Yue v. MSC Software Corp.*, No. 15-cv-05526-PJH, 2016 WL 3913001, at *1 (N.D. Cal. July 20, 2016) (stating that because the Supreme Court "did not directly 'pass on' on the issue of whether the discovery rule was available to a plaintiff who was not aware on an earlier infringement, . . . the Ninth Circuit's decision in *Polar Bear Products* remains binding precedent in this Circuit.").

Defendant shall produce the discovery at issue within two weeks of the filing date of this order.

**IT IS SO ORDERED**.

Dated: July 2, 2020   _____
SUSAN ILLSTON
United States District Judge