UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RAYMOND BRADLEY PEARCE, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00565-SI<br><br>**ORDER RE: ATLAS SYSTEMS INC.'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Re: Dkt. Nos. 216, 219, 221 |

    Defendant Atlas Systems Inc. ("Atlas") has filed a motion[1] to retain confidentiality designations, and the motion is scheduled for a hearing on December 4, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument and VACATES the hearing.

    Atlas seeks to retain the "Highly Confidential – Attorneys' Eyes Only" designation of three spreadsheets produced by Atlas, Bates numbered ATLAS0000539-541. The spreadsheets contain Atlas' sales, customer, vendor, and pricing information for all Avaya-branded products sold by Atlas. Atlas contends that disclosure of this information to Avaya's employees "would give Avaya's business people access to Atlas's most commercially sensitive information which they could use to take business away from Atlas." Motion at 27.[2]

    Although Avaya disputes whether Atlas has met its burden to retain the "Highly Confidential" designation, it also proposed a temporary compromise to enable Avaya to prepare for

---

[1] Plaintiff characterizes defendant's motion as an administrative motion, and on that basis, objects to defendant filing a reply brief. However, defendant filed its motion as a noticed motion, not as an administrative motion, and thus the Court OVERRULES plaintiff's objection.

[2] For ease of reference citations to page numbers refer to the ECF branded number in the upper right corner of the page.

the January 11, 2021 settlement conference: a temporary downward designation of some of the information contained in the spreadsheets to allow Avaya's counsel to share the following information with Avaya's employees: (1) aggregate number of Avaya licenses sold and purchased; (2) aggregate number of other Avaya products sold and purchased; (3) total dollar amount of Avaya license sales and purchases; (4) total dollar amount of other Avaya product sales and purchases; and (5) product descriptions and number of each product sold in a summary chart. The above information would not include any customer or vendor names beyond the one vendor name already downward designated by Atlas.

It is not clear from the papers why this proposal was rejected by Atlas. In the Court's view, Avaya's proposal is reasonable and will allow the disclosure of enough information to enable Avaya to make a settlement demand while also protecting – for the time being – the specific customer, vendor, and pricing information that Atlas asserts is highly confidential. If the parties are unable to reach a settlement, the parties may request that the Court revisit the dispute over the confidentiality designations through the filing of a joint letter brief pursuant to this Court's standing order.

The Court GRANTS the administrative motion to seal filed at Dkt. No. 219. The Court DENIES the administrative motion to seal filed at Dkt. No. 221, as a declaration in support of the motion was not filed by the designating party, Avaya. In light of the disposition of Atlas's motion, the Court finds that there is no need for Atlas to file the document at Dkt. No. 221-5 in the public record.

**IT IS SO ORDERED**.

Dated: November 24, 2020

SUSAN ILLSTON
United States District Judge