1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVAYA INC.,

          Plaintiff,

     v.

RAYMOND BRADLEY PEARCE, *et al*.,

          Defendants.

Case No. 19-cv-00565-SI

**ORDER GRANTING
ADMINISTRATIVE MOTION TO
RETAIN CONFIDENTIALITY OF
COUNTERFEIT ANALYSIS
DOCUMENTS AND GRANTING
MOTIONS TO SEAL**

Re: Dkt. Nos. 231, 232, 233

On December 9, 2020, plaintiff Avaya Inc. ("Avaya") filed an Administrative Motion to Retain Confidentiality of the Highly Confidential and Confidential versions of the document produced by Avaya bates-numbered AVAYA0001197-1209 (the "Counterfeit Analysis"), both of which were attached as Exhibits A and B respectively to the Declaration of Lisa McCann.  The full document has been produced to defense counsel, but its designation precludes counsel from showing the unredacted document to their clients. Avaya contends that the information at issue is extremely sensitive because the Counterfeit Analysis sets forth how Avaya analyzes a product to determine whether it is counterfeit and the specific factors and attributes it considers.

Defendant Atlas Systems' Inc. ("Atlas") opposes the motion, arguing that much of the information that Avaya has designated as "highly confidential" is publicly available.  Atlas accuses Avaya of, *inter alia*, lying in connection with the current motion (specifically, that the McCann declaration contains numerous "false statements"), requests that the Court unseal all of the briefing, and seeks sanctions against Avaya.

For good cause, the Court may protect information such as "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of

showing that specific prejudice or harm will result" if a protective order is lifted.  *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted).

When a party challenges the confidentiality of information under a protective order, the Court must conduct a two-step analysis. "First, it must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Catholic Archbishop of Portland in Ore*., 661 F.3d 417, 424 (9th Cir. 2011) (quotation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  The party seeking to maintain confidentiality must "allege specific prejudice or harm."  *Id.* "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm."  *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation and internal quotations omitted).

"Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *In re Roman Catholic Archbishop*, 661 F.3d at 424. The Court considers the following list of non-exhaustive factors: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public."  *Id*. at 424 n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

After considering the papers filed in support and opposition to the motion, the Court finds that Avaya has met its burden to retain the confidentiality designations of the Counterfeit Analysis. The Court agrees with Avaya that the information at issue is akin to a trade secret that shows

United States District Court
Northern District of California

precisely how Avaya determines that a product is counterfeit.  Although some of the information is publicly available in different locations and in different forms, the Confidentiality Analysis contains all of the information in a single report and explains the significance of the different factors analyzed.  The Court finds that disclosure of the Counterfeit Analysis would cause specific harm to Avaya by providing a roadmap to potential counterfeiters regarding how to evade Avaya's detection measures.  The Court also finds that the public and private interests weigh in favor of retaining the confidentiality designations, and that there is no particular public interest in disclosure.  Further, the Court notes that Avaya has agreed to make portions of the document reviewable by Atlas, and thus the redactions are narrowly tailored to protect only the truly sensitive material.

Accordingly, for good cause shown, the Court GRANTS Avaya's motion and ORDERS that the Highly Confidential and Confidential versions of the Challenged Document shall retain the confidentiality levels designated by Avaya.  The Court GRANTS the administrative motions to seal and DENIES Atlas' request to strike the McCann declaration and DENIES Atlas' request for sanctions.[1]

**IT IS SO ORDERED**.

Dated: December 22, 2020

SUSAN ILLSTON
United States District Judge

---

[1]  The Court finds the vitriolic language in Atlas's opposition papers unnecessary, and ultimately unpersuasive.  The fact that some of the information at issue – such as the way to decipher a serial number – can be located on the internet, or even in an Atlas technical bulletin, does not mean that Ms. McCann's declaration, which explains the specific factors and methods that Avaya uses to identify counterfeit products, contains "false statements."

3