UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC., <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND BRADLEY PEARCE, *et al*., <br><br> Defendants. | Case No. 19-cv-00565-SI <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FURTHER AMEND COMPLAINT** <br><br> Re: Dkt. No. 242 |

Plaintiff Avaya Inc.'s motion for leave to further amend its complaint is scheduled for a hearing on February 5, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS Avaya Inc.'s motion for leave to amend its complaint. Avaya shall file the third amended complaint no later than **February 5, 2021**.

**BACKGROUND**

On January 31, 2019, plaintiff Avaya Inc. ("Avaya") sued Atlas Systems Inc. ("Atlas") and a number of other defendants alleging that defendants participated in the theft and resale of Avaya Internal Use Software Licenses and the sale of counterfeit Avaya phones. Dkt. No. 1. On April 5, 2019, Avaya filed an amended complaint. Dkt. No. 59. On July 15, 2019, the Court set a December 16, 2019 deadline for amendment of the pleadings. Dkt. No. 113.[1] On December 16, 2019, Avaya

---

[1] Avaya's counsel states in her reply declaration, "[w]hen the Court set the initial deadline to amend, Avaya stated that it anticipated the need to add additional defendants later, to which the Court responded that Avaya could still move to amend after the initial deadline if circumstances warranted." Reply Heaton Decl. ¶ 7 (Dkt. No. 246-1).

1  filed a second amended complaint, adding defendants Featurecom Inc., Drew Telecom Group Inc.,
2  Steve Geraci, Tom Conroy and Andrew Roach. Dkt. No. 147.

3  In subsequent joint case management conference statements filed on August 7, 2020 and
4  November 25, 2020, Avaya stated that it may seek to further amend the complaint. Dkt. Nos. 206,
5  229. At a case management conference on December 4, 2020, Atlas requested that the Court set a
6  deadline to amend pleadings, and the Court set a deadline of December 31, 2020. Dkt. No. 230. On
7  December 31, 2020, Avaya filed the present motion requesting leave to file a third amended
8  complaint to add Metroline, Inc. ("Metroline") and Telcom International Trading PTE LTD
9  ("Telcom") as defendants. The proposed third amended complaint is attached as Exhibit A to the
10  Heaton Declaration. Dkt. No. 242-2.

11  Avaya states that it only recently received discovery supporting its proposed allegations that
12  Metroline took part in the distribution of allegedly stolen Avaya software licenses and that Telcom
13  was the source of Atlas' supply of counterfeit phones. Atlas issued a subpoena to Metroline on June
14  7, 2019 seeking information concerning Metroline's sales of Avaya software licenses and license
15  keys. *See* Heaton Decl. ¶ 4 (Dkt. No. 242-1). In response, Metroline filed a motion in the U.S.
16  District Court for the Eastern District of Michigan to quash the subpoena. *Id.* ¶ 5. On April 9, 2020,
17  the District Court denied the motion in full and ordered Metroline to comply with the subpoena. *Id.*,
18  Ex. C (Dkt. No. 242-4). In May 2020, Metroline filed another motion in the Eastern District of
19  Michigan seeking a protective order for the materials to be produced. Heaton Decl. ¶ 7. The
20  protective order was entered on June 30, 2020. Reply Heaton Decl. ¶ 3 (Dkt. No. 246-1). Metroline
21  finally produced responsive files to Avaya's subpoena on July 31, 2020 in the form of 19,369
22  separate documents. *Id*. ¶ 4. Avaya states that after it retained an outside vendor to process the
23  files, it was then able to determine Metroline's role in the alleged scheme sometime in October
24  2020. *Id*.

25  With regard to Telcom, Avaya's counsel states that "Avaya began requesting that Atlas
26  identify the source of the counterfeit 'Avaya' phones more than a year ago and, at least as early as
27  February 20, 2020, Atlas' prior counsel agreed to provide such information," but that as of June
28  2020 Atlas still had not provided the information. Heaton Decl. ¶¶ 10-11. Avaya states that in June

United States District Court
Northern District of California

2019, it propounded requests for documents seeking, *inter alia*, the identities of Atlas' suppliers, and that Atlas resisted this discovery, resulting in numerous meet and confers and ultimately requiring court intervention. *See* Dkt. No. 204 (Joint Discovery Letter); Dkt. No. 205 (July 2, 2020 Order re: Discovery). On June 8, 2020, Avaya served Atlas with interrogatories seeking the same information. Heaton Decl. ¶ 11. Avaya states that Atlas first identified Telcom as its vendor in a letter on July 27, 2020, but that it was not until November 2, 2020, that Atlas updated its interrogatory responses to formally identify Telecom as its source. *Id*.

Avaya asked defendants to consent to the proposed addition of Metroline and Telcom in November 2020; Atlas declined, and no other defendants have opposed. Accordingly, Avaya filed this motion for leave to amend its complaint to add defendants Metroline and Telcom.

## LEGAL STANDARD

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," representing a public policy strongly in favor of amendments. Fed. R. Civ. P. 15(a)(2); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). A motion for leave to amend will ordinarily be granted unless the motion "is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.* "Generally, the court engages in this analysis with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). While district courts may consider the factor of undue delay, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 759 (9th Cir. 1999).[2]

---

[2] Atlas contends that because the deadline for amending pleadings has passed per the Pretrial Preparation Order filed on July 15, 2019, Rule 16 governs the analysis of Avaya's motion, and thus Avaya is required to demonstrate under Rule 16 that it has good cause to amend the complaint. *See* Fed. R. Civ. P. 16(b)(4) (requiring a party demonstrate good cause to amend a scheduling order). The Court finds that the more lenient Rule 15 standard applies because the Court set an updated deadline for filing amended pleadings on December 4, 2020. Dkt. No. 230. *See AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946 (9th Cir. 2006) (holding that Rule 15(a) governs a motion for leave to amend when the motion is filed within the deadline for amending pleadings set by the district court).

3

**DISCUSSION**

Atlas argues that leave to amend should be denied because Avaya has not been diligent. Atlas asserts that the deadline to amend the complaint passed on December 16, 2019, the initial deadline set by the Court. Atlas also asserts that Avaya has not been diligent in seeking discovery, and that Avaya has known about Metroline and Telcom since at least the summer of 2020.

The Court disagrees with Atlas on both points and finds that Avaya has been diligent. The operative deadline for seeking leave to amend was December 31, 2020, the most recent deadline set by the Court. Avaya filed its motion by that deadline. Further, the record shows that Avaya has been pursuing discovery regarding Metroline and Telcom since 2019, and that it was not until the fall of 2020 that Avaya had a factual basis to seek to add these entities as defendants.

More importantly, Atlas has failed to show any prejudice resulting from the addition of defendants Metroline and Telcom. "Prejudice is the 'touchstone of the inquiry under [R]ule 15(a),'" and "[a]bsent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The proposed third amended complaint does not make substantive changes to the current claims against defendants, which limits any prejudice to them. Moreover, the trial date is over a year away and discovery is ongoing.[3] Atlas argues that the addition of two new parties will drag out the case, which will force Atlas to incur greater costs in defending against it. However, the "mere prospect of additional discovery is insufficient" to demonstrate prejudice. *Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2013 WL 5592620, at *14–15 (N.D. Cal. Oct. 10, 2013); *see also Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (additional discovery does not constitute undue prejudice). Moreover, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California,* 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v.*

---

[3] Atlas suggests that Avaya may seek to further amend the complaint to add even more parties, such as the vendor who supplied Telcom. The Court is not inclined to allow further amendments to the complaint, as this case has been pending since early 2019 and has already been delayed to some degree by the stay with regard to defendant Pearce.

*Gibson*, 355 U.S. 41, 48 (1957)).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to amend its complaint. Avaya shall file the third amended complaint no later than **February 5, 2021**.

**IT IS SO ORDERED**.

Dated: February 3, 2021

_____
SUSAN ILLSTON
United States District Judge