UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAYA INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>RAYMOND BRADLEY PEARCE, *et al*.,<br><br>   Defendants. | Case No. 19-cv-00565-SI<br><br>**ORDER APPOINTING JUDGE ELIZABETH LAPORTE (RET.) AS SPECIAL MASTER TO OVERSEE DISCOVERY** |

In an order filed April 21, 2021, the Court notified the parties of its intention to appoint Judge Elizabeth LaPorte (Ret.) as Special Master to oversee discovery in this litigation. Judge LaPorte has notified the Court that she is willing to accept such an appointment, and she has filed an affidavit stating that there are no grounds for disqualification. Accordingly, the Court APPOINTS Judge LaPorte as Special Master and enters this order setting forth the terms of her appointment.

The Clerk shall add Judge LaPorte as a filer on the Court's Electronic Case Filing system ("ECF"), at elaporte@jamsadr.com, and the Clerk shall electronically serve this order on Judge LaPorte.

### I. Basis for Appointment

1. <u>Appointment</u>. Pursuant to Federal Rule of Civil Procedure 53 the Court hereby appoints Judge LaPorte as a Special Master to assist the Court in this litigation. The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule

1   53(a)(1)(A)), and to address pretrial matters that cannot be addressed effectively and timely by an
2   available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

3         2.    <u>No Grounds for Disqualification</u>. Pursuant to Rule 53(a)(2) and 53(b)(3), the Special
4   Master has filed an affidavit with this Court that states that she has no relationship to the parties,
5   counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.
6   During the course of these proceedings, the Special Master and the parties shall notify this Court
7   immediately if they become aware of any potential grounds that would require disqualification.

8         3.    <u>Fairness Considerations</u>. Pursuant to Rule 53(a)(3), the Court has considered the
9   fairness of imposing the likely expenses of the Special Master on the parties. The Court believes
10  that the appointment and use of the Special Master will materially advance the litigation, thereby
11  achieving considerable cost-saving to all parties. The Court will protect against unreasonable
12  expenses and delay through regular communication with the Special Master and counsel. The
13  Special Master will work with the parties to minimize the time and expense related to proceedings
14  before the Special Master.

15        4.    <u>Proper Notice Given to All Parties</u>. Pursuant to Rule 53(b)(1), the Court gave all
16  parties to these proceedings notice of its intent to appoint the Special Master and an opportunity to
17  be heard with respect to such an appointment before issuing this Order.

18

19  **II.    Special Master's Duties, Authority and Compensation**

20        5.    <u>Diligence</u>. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to
21  proceed with all reasonable diligence in performing her duties in these proceedings.

22        6.    <u>Scope of the Special Master's Duties</u>. Pursuant to Rule 53(b)(2)(A), the Special
23  Master shall assist the Court with all discovery disputes and managing the conduct of discovery to
24  promote efficiency and savings of time and cost, and dealing with any other matters which the Court
25  may direct her to undertake. The Special Master shall have the authority to set the date, time and
26  place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences
27  to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions,
28  including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. The

1  Special Master may recommend a contempt sanction against a party and sanctions against a
2  nonparty as provided in Rule 53(c)(2).  The Special Master is authorized to receive and consider
3  information designated as confidential pursuant to the Protective Order entered in this matter. The
4  Special Master has agreed to be bound by said Protective Order.

5        7.    <u>Scope of the Special Master's Authority</u>.  The Special Master shall have the authority
6  provided in Rule 53(c) and 53(d).

7        8.    <u>Procedure for Motions Submitted to the Special Master</u>.  The procedural
8  requirements contained in this Court's Pretrial Orders shall govern any motion practice before the
9  Special Master.

10       9.    <u>Ex Parte Communications</u>.  Pursuant to Rule 53(b)(2)(B), the Special Master may
11 communicate ex parte with the Court at any time.  The Special Master shall not communicate ex
12 parte with any party without first providing notice to, and receiving consent from, plaintiff's and
13 defendants' counsel.

14       10.    <u>Preservation of Materials and Preparation of Record</u>.  Pursuant to Rule 53(b)(2)(c),
15 the Special Master shall maintain orderly files consisting of all documents submitted to her by the
16 parties and of any of her written orders, findings, and/or recommendations.  Pursuant to Rule 53(e),
17 the Special Master shall file any written orders, findings, and/or recommendations with the Court
18 via ECF.  Such filing shall fulfill the Special Master's duty to serve her orders on the parties.  Any
19 records of the Special Master's activities other than written orders, findings, and/or
20 recommendations shall be filed in accordance with paragraph 15 herein.

21       11.    <u>Compensation</u>.  Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be
22 compensated at an hourly rate to be set by Judge LaPorte after consultation with the parties, plus the
23 Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g.,
24 expenses for telephone conference calls).  The Special Master shall not charge for travel time.  Judge
25 LaPorte shall prepare a monthly invoice for her services, which she shall provide to counsel.
26 Plaintiff and defendants shall each pay half of the monthly invoice, unless the Special Master or the
27 Court directs otherwise.  Counsel shall each be responsible for promptly forwarding payment of the
28 Special Master's invoice.

12. <u>Special Master's Reports to Court</u>.  Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to her which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below.  If the Special Master considers it advisable to make a Report to the Court, she shall do so in accordance with Rule 53(f).

### III.  Action on Special Master's Orders, Reports, or Recommendations

13. <u>Scope of Section</u>.  Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

14. <u>Time Limits for Review</u>.  Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF.  Any order issued by the Special Master shall remain in effect pending any such objection or motion.

15. <u>Filing the Record for Review</u>.  The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any submitted by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

16. <u>Standard for the Court's Review</u>. Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error.  The Court shall review de novo any conclusions of law made or recommended by the Special Master.  The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

17. <u>Court's Actions on Special Master's Orders</u>. Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions;

4

or make any further orders it deems appropriate.

**IT IS SO ORDERED**.

Dated: April 23, 2021

SUSAN ILLSTON
United States District Judge