RICHARD J. NELSON (State Bar No. 141658)
E-Mail: rnelson@sideman.com
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: zalinder@sideman.com
LYNDSEY C. HEATON (State Bar No. 262883)
E-Mail: lheaton@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
AVAYA INC.

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVAYA INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND BRADLEY PEARCE, et al.,<br><br>Defendants. | Case No. 3:19-cv-00565 SI<br><br>**STIPULATION AND [PROPOSED] ORDER RE ENTRY OF LIMITED STAY OF ACTION** |

Plaintiff AVAYA INC. ("Avaya" or "Plaintiff") and Defendants JASON HINES ("Mr. Hines"), DEDICATED BUSINESS SYSTEMS INTERNATIONAL LLC ("DBSI"), ATLAS SYSTEMS, INC. ("Atlas"), FEATURECOM INC. ("Featurecom"), STEVE GERACI ("Mr. Geraci"), and Cross-Complainants Drew Telecom Group, Inc. ("DTGI") and METROLINE, INC. ((("Metroline"), and together with Avaya and all other defendants[1] the "Parties") hereby jointly **STIPULATE**, **AGREE**, and respectfully request that the Court **ORDER** the entry of the following requested limited stay of the action as follows.

## STIPULATED FINDINGS

WHEREAS, Avaya has a pending civil action in the United States District Court for the Northern District of California against Defendants, which alleges claims principally related to the alleged theft and distribution of software licenses by Defendant Raymond Bradley "Brad" Pearce ("Pearce") and the subsequent downstream resale of the same, as well as Defendant Atlas' sale of counterfeit "Avaya" branded products (Case No. 3:19-cv-00565-SI (the "Civil Action"));

WHEREAS, Defendants have denied all such claims and allegations and specifically deny selling or knowing about any alleged stolen alphanumeric codes that Plaintiff refers to as "software licenses" which Plaintiff alleges were generated by Pearce when he was employed by Plaintiff; moreover, Defendant Atlas denies selling or knowing about any alleged "counterfeit" products;

WHEREAS, on February 22, 2019, Pearce filed a motion requesting that the Court "stay further proceedings of the above-styled civil action until completion of all related criminal proceedings in the U.S. District Court for the Western District of Oklahoma," Dkt. Nos. 22 & 22-1 (the "Motion");

WHEREAS, in the Motion, Pearce and his criminal counsel described the ongoing federal "criminal investigation [which] is directly related to the allegations made in Avaya's complaint

---

[1] Certain defendants have been intentionally omitted from the Stipulation, including Pearce and Tri-State, as to whom the case has been stayed, as well as Sharkfish Corp. and Telcom International Trading Pte. Ltd., which never responded to the complaint and as to which a default has been entered by the clerk of the Court.

filed on or about February 1, 2019." *Id*.;

WHEREAS, Pearce and his criminal counsel advised in the Motion that Pearce would need to "invoke privilege pursuant to the Fifth Amendment and pursuant to Art. II, Section 21, of the Oklahoma Constitution" in the Civil Action. *Id*. at 22-1.;

WHEREAS, Avaya stipulated with Pearce to the proposed stay in deference to the ongoing criminal investigation and Pearce's fifth amendment rights, which the Court ordered on March 20, 2019. Dkt. No. 47.

WHEREAS, that Stipulated Order included a reservation of rights for the Parties to seek to modify, supplement, or terminate the stay by stipulation or for good cause shown. *Id*.;

WHEREAS, Atlas sought to expand the stay to apply to the Defendants or to lift the stay as to Pearce, which was supported by certain other defendants, but which the Court denied on May 8, 2019. Dkt. No. 81;

WHEREAS, in that Order, the Court ruled that the denial was "without prejudice to renewal at a later date." Further, the Court "direct[ed] Avaya to monitor the status of Pearce's criminal proceedings and to inform the Court through a letter filed on the docket when any criminal charges are filed." *Id*. at p. 4.

WHEREAS, Avaya and other parties have kept the Court advised as to their understanding of the current status of the criminal proceedings against Mr. Pearce at each subsequent Case Management Conference;

WHEREAS, the most recent updates from criminal counsel for Pearce to counsel for Avaya, as recently as January 2022, as well as with counsel for Metroline indicate that the criminal charges against Pearce are imminent, but still have not yet been filed;

WHEREAS, the explanation for the delay in any criminal charges against Pearce has been related to the effect of the pandemic on cases and grand juries, the related backlog of cases, as well as the coordination between the United States Attorney's Office in the Western District of Oklahoma and the Computer Crime and Intellectual Property Section of the Department of Justice in the District of Columbia;

WHEREAS, according to these explanations, the delay has been largely resolved, such that the Parties should expect the indictment to be "forthcoming";

WHEREAS, all Parties noted in prior filings with the Court, including in certain Case Management Statements, that they would suffer prejudice if there were no discovery from, or involvement by, Pearce, who is the lead defendant and who Plaintiff alleges was the direct thief of the stolen internal software licenses that underlie most Avaya's claims for relief;

WHEREAS, the exclusion of Pearce from the case until now has caused the Parties prejudice and hampered and slowed them in their discovery efforts, given that no documents or testimony have been allowed from Pearce for the entire case;

WHEREAS, the Parties are now facing an upcoming fact discovery cut-off on March 1, 2022, with the uncertain prospect of how to complete discovery and head into expert discovery and dispositive motions and trial without any clarity as Pearce;

WHEREAS, the Parties would have needed to extend the fact discovery cut-off to some extent anyway to finish document productions and to take depositions thereafter;

WHEREAS, the Parties have all proceeded in good faith in attempting to complete as much fact discovery as possible without the participation of Pearce, as the Parties wish for this case to proceed as efficiently as possible but without the uncertainty presented by the current status of Pearce and his related stay;

WHEREAS, the Parties are deeply concerned that proceeding further without clarity regarding Pearce or having him involved at all will cause undue and irreparable prejudice to the Parties in any trial;

WHEREAS, the Parties are deeply concerned that proceeding further without clarity regarding Pearce or having him involved at all will lead to at least two trials being necessary in this matter, which would be inefficient and wasteful for the Court and the Parties;

WHEREAS, the Parties are deeply concerned that proceeding further without clarity regarding Pearce or having him involved at all will result in a larger and more prejudicial disruption of the case closer to trial, as the Parties would then be seeking relief after the close of discovery and potentially after the filing of dispositive motions;

1  WHEREAS, the Parties have met and conferred significantly over the past two weeks in an attempt to find a joint way to address these issues without motion practice;

WHEREAS, the Parties have stipulated to this limited stay not for any purpose of delay, but rather the opposite, to ensure the most efficient resolution of the Civil Action as to all parties in determining this case on the merits and at the same time mitigating any undue prejudice that would result to the Parties by proceeding further without any clarity regarding Pearce and how his criminal charges will ultimately impact the Civil Action; and

WHEREAS, the Parties agree to limits conditions on the proposed stay to ensure that it is in place only for so long as the Court deems appropriate, including notifying the Court right away as soon as the indictment is filed and requesting a case management conference thereafter at the Court's earliest convenience to reassess the stay and schedule and to determine the appropriate time in the Court's sound discretion to lift the stay and proceed to trial.

## ORDER RE LIMITED STAY OF ACTION

Accordingly, the Parties, by and through their counsel of record, jointly submit that there is good cause to modify and supplement the prior stays entered in this action, and therefore, hereby **STIPULATE** and **AGREE,** and request that the Court **ORDER** that the above-captioned case be stayed pursuant to the following terms:

1. All proceedings in the case shall be stayed at minimum until the filing of the indictment as to Pearce, with the exception of:

    (a) currently-scheduled document productions as to Featurecom (or as otherwise agreed to by the parties between now and March 1, 2022) to occur before March 1, 2022 ;

    (b) discovery disputes which are filed with the Court or the Discovery Referee by March 1, 2022; and,

    (c) privilege log productions which shall be completed by March 1, 2022.

    (d) the March 9, 2022 Settlement Conference shall go forward.

2. ~~The trial date shall be vacated.~~

3. Upon notice to any Party that the indictment has been filed as to Pearce, the Parties are to immediately inform the Court of this event via joint notice, ~~so that the Court may set a case~~

1  ~~management and scheduling conference at the Court's earliest convenience to reassess the case~~
2  ~~schedule and the stay.~~   A further case management conference is set for April 22, 2022 at 3 p.m.

3        4.    Once the Court determines that it is appropriate to lift the stay as to some or all parties (whether at the initial CMC or at a subsequent CMC/hearing), the Parties shall restart the case proceedings where they left off, finishing discovery (depositions and any remaining written discovery responses or related motions) within a reasonable period of time, and then shall proceed to expert discovery/dispositive motions/trial, pursuant to the Court's then-applicable case schedule and trial availability.

Notwithstanding the stipulations above, the Parties further agree that they are entering these stipulations reserving all rights, and without prejudice to any rights, of the Parties to present any further motion or stipulation to the Court as necessary to modify, supplement, or terminate this Stipulated Stay, or any terms thereof, to the extent further agreed by the Parties or for good cause shown.

~~Further, the Parties respectfully request that, in the event the Court is not inclined to stay the case as outlined above, that the Court hold a conference with all Parties to discuss potential other options to address the issues raised herein.~~

**IT IS SO STIPULATED.**

DATED: February 11, 2022        SIDEMAN & BANCROFT LLP

By: _/s/ Lyndsey C. Heaton_
Lyndsey C. Heaton
Attorneys for Plaintiff
AVAYA INC.

DATED:  February 11, 2022       BLEDSOE, DIESTEL, TREPPA & CRANE LLP

By: _/s/ Davis J. Reilly_

                                        Davis J. Reilly
                                        Maria Nozzolino
Attorneys for Defendants JASON HINES, DBSI, US VOICE & DATA LLC, previously known as TRI-STATE COMMUNICATIONS SERVICES LLC

DATED: February 11, 2022        MZF Law Firm

By:     */s/ Mateo Fowler*
           Mateo Fowler
       Attorney for Defendants
  DREW TELECOM GROUP INC. AND
         ANDREW ROACH

DATED: February 11, 2022        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By:     */s/ Laura Chapman*
          Laura Chapman
      Attorney for Defendant
     ATLAS SYSTEMS, INC.

DATED: February 11, 2022        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:     */s/ Francis Torrence*
         Francis Torrence
       Attorney for Defendants
FEATURECOM INC. AND STEVE GERACI

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** as Amended above.

Dated: February 16, 2022

_Susan Illston_ (signature)
SUSAN ILLSTON
United States District Judge